IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br>A Limited Partnership, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C<br><br>(Judge Allegra) |

DEFENDANT'S REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

In their opposition to the Government's motion to strike plaintiffs' proposed findings of fact and post-trial brief, plaintiffs argue that their filings comply with the Court's instructions at trial, despite the fact that these filings exceed the 50-page limit by 282 pages.

On August 27, 2003, plaintiffs filed a 62-page post-trial brief, a motion for leave to exceed the 50-page limit applicable to the brief, and, additionally, a separate, 270-page document entitled "Proposed Findings of Fact." On August 29, the motion to exceed the page limitation was granted and the Clerk was directed to file these documents. On the same day, we filed our motion to strike. We noted that, according to the Court's directives at the close of the trial in this case, proposed findings of fact were to be included in the post-trial briefs, which in turn, were to be not more than 50 pages in length. We did not object to plaintiffs' filing a 62-page post-trial brief, as requested in their motion for leave; we objected, however, to

plaintiffs' filing the equivalent of a 332-page post-trial brief in two parts.

In response, plaintiffs' state that "[t]he parties and the Court discussed a page limitation for their post-trial briefs at the close of trial, but did not discuss any limitations on any proposed findings of fact the parties would file." Plaintiffs' Opposition 1-2. In a supporting affidavit, plaintiffs' counsel states that, in his experience, the usuall practice is to file post-trial briefs and proposed findings as separate documents. Affidavit of Jeff H. Eckland ¶¶ 6-7. Thus, according to plaintiffs, they were entitled to file proposed findings with no limitation, because the Court did not specifically state otherwise.

What plaintiffs describe as standard practice is contrary to the rules of this Court. These rules state:

> Post-Trial Briefing. The judge may order the filing of post-trial briefs, which may include, at the judge's discretion, either a statement of facts or proposed findings of fact,[1] together with citations to the record. Post-trial briefing is not a matter of right.

[1] In the Government's post-trial brief, the facts were presented under the heading "Statement of Facts," and were not presented in the form of separate numbered findings. Plaintiffs profess surprise at this. Although the Court did not specifically utilize he phrase "statement of facts," we believe that presenting the facts in this manner was consistent with the Court's statement: "I don't want necessarily an itemized, individual Proposed Finding of Fact 1, Proposed Finding of Fact 2 . . . . What I really want you to do at this point is to focus on something that's more a synthesis of the evidence . . . ." Tr. 2207:20-25.

RCFC Appendix A, ¶ 19 (emphasis added). The rules make no other mention of filing proposed findings of fact after trial. Thus, the rules plainly do not contemplate the post-trial filing of proposed findings of fact separate from any post-trial brief, much less that such proposed findings may be filed as a matter of right. Consistent with RCFC Appendix A, ¶ 19, in this case the Court directed that post-trial briefs be filed, subject to a 50-page limit, and the Court plainly indicated that the parties proposed findings were expected to be included in their post-trial briefs. Tr. 2207:17-2208:1.

Plaintiffs also argue that the Government will not be prejudiced or unduly burdened by the filing of plaintiffs' proposed findings. According to plaintiffs, "[t]he findings simply summarize the evidence presented by plaintiffs. Defendant's burden of responding to the evidence is the same with or without plaintiffs' proposed findings of fact." Plaintiffs' Opposition 4. We agree that our burden of responding to the evidence is the same with or without plaintiffs' proposed findings. The proposed findings, however, contain plaintiffs' characterizations of the evidence. To respond to these 270 pages of characterizations is quite burdensome. Conversely, if the evidence is to be considered without regard to these characterizations, then the proposed findings are superfluous.

For the foregoing reasons, and for the reasons stated in our motion to strike, plaintiffs' proposed findings of fact and post-trial brief should be stricken, and plaintiffs should be ordered to file a single post-trial brief which includes any necessary proposed findings of fact, as contemplated by the Court's directions at the trial and in its July 15, 2003 order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

September 5, 2003