IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br>A Limited Partnership, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C<br>(Judge Allegra) |

DEFENDANT'S MOTION FOR LEAVE TO
SUPPLEMENT RECORD BASED UPON POST-TRIAL EVENTS

Defendant respectfully requests leave to supplement the evidentiary record by adding the attached documents, evidencing relevant events that occurred subsequent to the trial in this case.

The attached documents – consisting of the declaration of Jackie J. Morris and attachments thereto – establish that two of the loans at issue in this case were paid in full since the time of the trial. Specifically, the attached documents establish that (1) the loans made to plaintiff Franconia Associates under section 515(b) of the Housing Act of 1949, for Riverfront Apartments in Taylors Falls, Minnesota, and for Sunrise River Apartments in Wyoming, Minnesota, were paid in lieu of foreclosure on October 20, 2003 and July 25, 2003, respectively; (2) a Satisfaction of Lien has been issued by the Government in connection with each of these loans; and (3) Franconia Associates has terminated its participation in the section 515 program with respect to Riverfront Apartments and Sunrise River Apartments, with a requirement only to extend the current tenant leases for 180 days beyond the final loan payment date.

These events are pertinent, because, among other things, plaintiffs' calculation of damages in connection with these properties is based upon the premise that, as a result of the alleged breach of contract or taking, these properties would remain in the section 515 program and continue to be subject to the restrictions contained in the applicable loan documents for the

remainder of the applicable loan term, i.e., until 2025 in the case of Riverfront Apartments, PX 26, 27, and until and until 2029 in the case of Sunrise River Apartments, PX 79, 80. In fact, as a result of the payments evidenced by the attached documents, these properties are no longer in the section 515 program and are no longer subject to the restrictions contained in the loan documents.

For the foregoing reasons, leave to supplement the evidentiary record by adding the attached documents should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

December 3, 2003