IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br>A Limited Partnership, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C<br>(Judge Allegra) |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT RECORD BASED UPON POST-TRIAL EVENTS

Defendant has requested leave to supplement the evidentiary record in only one very limited respect: by adding evidence of events that occurred subsequent to the trial in this case. Nevertheless, plaintiffs oppose this request upon the ground that the request is untimely, and that this evidence should have been presented at trial – as if the Government could have proved these events before they occurred. Plaintiffs also argue that the evidence is prejudicial, but they base this argument upon negative inferences that they read into the evidence, although we have not even suggested that any such inferences should be drawn. Plaintiffs also argue that the evidence is not probative, but the facts that plaintiffs claim the evidence fails to prove are not the facts for which we have offered it.

The purpose of the evidence in question is to establish that two of the loans at issue in this case, which were made to plaintiff Franconia Associates for Riverfront Apartments and Sunrise River Apartments, were paid in full subsequent to the trial, and that Franconia Associates has terminated its participation in the section 515 program with respect to these two projects, with a requirement only to extend the current tenant leases for 180 days beyond the final loan

payment date. Plaintiffs do not appear to dispute that this has occurred. Nor do they dispute the relevance of the fact that these loans have been paid. Rather, they argue at length concerning the events that led to the payment of these loans, attacking the Government's motives and the propriety of its actions during the course of these events, and complaining that supplementation of the record concerning this matter would unfairly deprive plaintiffs of the opportunity to rebut the Government's version of these events. Plaintiffs, however, protest too much. We have said nothing about these events. Although we do not agree with the characterization of these events that plaintiffs now offer, these events are simply irrelevant to the issues before the Court.

With respect to timeliness, plaintiffs argue, first, that our motion is "analogous to a Rule 59 motion to re-open a matter after judgment has been entered or for a re-hearing after a trial has closed," Plaintiffs' Opposition 2, and that our motion would be untimely under that rule. Rule 59, however, has nothing to do with motions, such as the one at issue here, that inform the the Court of pertinent post-trial events prior to the issuance of a decision in the case. Second, plaintiffs argue that the Government should filed the motion earlier in any event. In fact, however, the Government filed the motion as soon as reasonably possible after Government counsel learned of the payment of the loans for Riverfront Apartments and Sunrise River Apartments and obtained the information and documents necessary to bring this development to the Court's attention.[1]

---

[1] The payment of these loans came to the attention of Government counsel in November 2003, in the course of preparing the Government's response to a cross-motion for summary judgment filed by the plaintiffs in a related case, Allegre Villa v. United States, No. 98-823C (Fed. Cl.), in July 2003. The appendix in support of that motion included a declaration of Marge Alden, referring, among other things, to the status of the effort to prepay the Riverfront and Sunrise River loans. The Government filed its response to the cross-motion in Allegre Villa on November 24, 2003, and filed the motion to supplement the record in this case six business days thereafter.

Plaintiffs' argument concerning prejudice appears to be based upon the mistaken impression that our purpose is to establish that Franconia Associates mismanaged their projects. It is not. The subject of mismanagement is a red herring raised by plaintiffs. Thus, plaintiffs state:

> [T]he underlying facts behind the government's foreclosure proceedings regarding the projects here are centered upon an allegation that Ms. Alden, as manager of the properties, had failed to abide by certain regulatory requirements. In other words, the government alleged that Ms. Alden failed to manage the projects in accordance with the Agency's prerequisites. The primary rebuttal witness regarding these allegations would have been the co-owner of these properties who agreed to retain Ms. Alden as the manager – Mr. Vitalis. . . .

Plaintiffs' Opposition 7. Plaintiffs' further contend that they would be unfairly prejudiced because Mr. Vitalis has passed away since the time of the trial. Yet, whatever allegations may have led to the referenced foreclosure proceedings, we are not attempting to prove the truth of those allegations now, so there is no need for plaintiffs to rebut them. Neither our motion to supplement the record nor the evidence that we seek to add to the record mentions anything about mismanagement.

Plaintiffs also argue that our motion "seeks to introduce evidence that lacks probative value," id. at 8, but plaintiffs fail to address what the evidence has been offered to prove. Plaintiffs further state:

> The evidence offered by the government appears to be intended to cast doubt upon the assumptions made in the damages analyses for the two properties at issue. However, the Agency s actions with respect to those two properties were so out-of-line with its standard

> procedures and its own regulations,[[2]] and occurred amid such acrimony and unusual circumstances between the parties, that no reliable conclusions can be drawn from the government's proposed evidence. . . .

Id. Here again, we disagree with plaintiffs' characterization of the referenced Government actions, but this characterization is irrelevant to the issues in this case in general and to the probative value of the evidence in question in particular. This evidence establishes the plain fact – which plaintiffs do not dispute – that the section 515 loans for Riverfront Apartments and Sunrise River Apartments have in fact been paid, and, as a result, these properties are no longer in the section 515 program and are no longer subject to the the program's restrictions. And, this fact squarely contradicts at least one of the assumptions made in plaintiffs' damages analyses for the two properties at issue: the assumption that, as a result of the alleged breach of contract or taking, these properties would remain in the section 515 program and continue to be subject to the program's restrictions for the remainder of the applicable loan term.

The Court should not have to decide plaintiffs' damages claims based upon assumptions concerning the future that are known to be false. There can be no dispute that the assumed continuation of Riverfront Apartments and Sunrise River Apartments in the section 515 program

[2] Although plaintiffs attack these actions as being inconsistent with the regulations, plaintiffs also state that, "[h]ad the Agency continued to follow the proper procedures in foreclosing on the two properties at issue, the owner would actually stand in a worse position today than that assumed in Plaintiffs' damages models." Id. at 11 (emphasis in original). Plaintiffs are silent about the significance we have attributed to the result of the referenced foreclosure: that it placed the owner in a better position than that assumed in plaintiffs' damages models. Apparently, the purpose of plaintiffs' attack is neither to complain of harm nor to rebut the specific point we have made, but simply to discredit the Government with whatever critique they can find.

will not occur. The fact that the departure of these projects from the program occurred after the trial in this case does not justify pretending that it did not occur at all.

For the foregoing reasons, and for the reasons stated in our moving brief, the Government's motion for leave to supplement the record should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

Filed electronically

January 22, 2004