# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES, a Limited Partnership, et al., Plaintiffs, | ) | File No. 97-381C<br>Judge Francis M. Allegra |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' STATUS REPORT** |

In its order of March 5, 2004, the Court requested that the parties attempt to enter into a stipulation regarding the information identified by defendant in its motion for leave to supplement the record based upon certain post-trial events. The parties were unable to agree upon the terms of any such filing, and thus agreed to file separate statements in response to the Court's order. Plaintiffs filed their statement on April 29, 2004, but defendant declined to file any statement with the Court. Instead, defendant waited until plaintiffs completed their filing and then moved to strike it. Pursuant to Rule 7.1(a) of the Rules of the United States Court of Federal Claims, plaintiffs hereby submit their opposition to defendant's Motion to Strike.

## DISCUSSION

Defendant's motion to strike is premised on the notion that plaintiffs' decision to file a status report in response to the Court's order of March 5, 2004 was contrary to the terms of the order and the parties' ensuing discussions. As plaintiffs stated in their status report, however, the parties in fact agreed, after being unable to agree upon the terms of any stipulation, to file separate statements in response to the Court's order. While defendant now

denies that the parties ever made such an agreement, the attached affidavit of counsel recounts the complete history of the parties' discussions. *See* Affidavit of Mark J. Blando in Support of Plaintiffs' Opposition to Defendant's Motion to Strike ("Blando Aff."). That history confirms that plaintiffs' filing was fully in accordance with the agreement reached between the parties. *Id.* ¶¶ 3-11. Thus, the parties' prior agreement to submit separate statements in lieu of a joint stipulation completely undermines defendant's attempt to strike plaintiffs' filing.

Based on the parties' discussions, defendant had every opportunity to file its own statement in response to the Court's order at the same time that plaintiffs filed their statement. Plaintiffs in fact fully expected defendant to do so. *Id.* ¶¶ 3-11. Instead of following the approach agreed to by the parties, however, defendant waited until after it received plaintiffs' filing, and then moved to strike it. Tellingly, defendant states that it reserved its right to file its own statement if plaintiffs filed one. Def. Mot. at 2 n.2. Rather than simply filing such a statement, however, either on the due date or thereafter, defendant has chosen to move to strike plaintiffs' filing in its entirety.

Plaintiffs' status report is also fully consistent with the Court's order. Plaintiffs understood the order to be seeking input from the parties as to how the proposed evidence, if accepted, should be admitted into the record. Plaintiffs thus believed that it would be appropriate to set forth for the Court its position on the weight, if any, that the proposed evidence should be afforded. Since the parties ultimately had differing views in that regard, plaintiffs proposed that the parties file separate statements (either in a joint filing or through separate filings). Defendant was opposed to signing any joint filing that included separate statements from the parties, and so the parties agreed to submit their statements as separate

filings. *Id.* ¶6, 8. As explained above and in the attached affidavit, defendant's decision not to submit anything upon the deadline, and its current attempt to strike plaintiffs' filing, is contrary to the discussions held and agreement reached between the parties. *Id.* ¶¶ 12-14.

Defendant also asserts that nothing in plaintiffs' arguments negates the admissibility or materiality of the proposed evidence. Def. Mo. at 2. On the contrary, however, the concerns raised by plaintiffs go directly to the heart of whether the proposed evidence, if admitted, should be given any weight in the Court's consideration of the case. The fundamental purpose of the proposed evidence, as explained by defendant, is an attempt to contradict the damages calculations prepared for the two properties at issue. Defendant suggests (without expressly stating) that because there is evidence that the mortgage balances on these properties have been prepaid, the damages claimed for these properties should somehow be reduced. The points raised by plaintiff, however, demonstrate that there is no credible basis for any reduction of the damages claimed for the two properties at issue.

The key point that defendant overlooks is that the future of the subject properties remains clouded. In particular, there is no guarantee that the properties will not be forced back into the program. The risk of such an eventuality remains significant in this case in light of the agency's apparent violation of its own regulations in permitting the subject properties to prepay. As explained in plaintiffs' prior filings, those regulations permit a property to be released from the restrictions of the Section 515 program through the foreclosure process only when the agency determines that it no longer needs the property. *See* Plaintiffs' Opposition to Motion for Leave to Supplement Record at 8-12. And as evidenced at trial, the agency has already determined that the subject properties are needed in their communities. *Id.* at 10. Thus, should the agency's actions be successfully challenged

in some manner, the properties would be forced back into the program through proper foreclosure procedures, with the owners possibly being divested of their ownership interests. Obviously, should that occur, the plaintiffs' damages would actually increase. Further, the risk of such a challenge will remain until the applicable statute of limitations expires, which will be long after the Court issues its decision in this matter.

Significantly, defendant makes no attempt to refute plaintiffs' assertion that the agency violated its regulations in failing to keep the property in the Section 515 program through the foreclosure process. Instead, defendant simply states that it would not matter even if such a violation occurred. Def. Mo. at 3-4. But given the distinct danger that the properties will be forced back into the program, this clearly is a material issue. As defendant admits, the future is uncertain. *Id.* at 3. And that is why, under the circumstances, no conclusions can be drawn from, and no weight can be placed in, defendant's proposed evidence.

It is also rather remarkable that defendant asserts that even if it has undertaken affirmative efforts to degrade plaintiffs' damages claims, that would not matter much either. *Id.* at 4. Plaintiffs respectfully disagree. If in fact defendant has used the time lag between the trial and the issuance of the Court's decision in this matter to set off a chain of events that defendant could in turn use in an attempt to attack plaintiffs' damages claims, then plaintiffs posit that the evidence should not be admitted. Any such efforts to create new evidence after the close of a trial is not just a matter of "mitigation," as defendant contends, but at the very least would provide grounds for refusing to admit the evidence altogether. At most, they would constitute a gross abuse of the judicial system.

Finally, all of these intricacies point up the fact that nothing can be gleaned from defendant's proposed evidence in the absence of discovery and a full evidentiary hearing. However, apart from the fact that the trial in this matter was completed nearly a year ago, any such proceedings could not be carried out in an effective manner given the passing of the key witness who would testify for plaintiffs on these issues, Mr. George Vitalis.

In short, defendant asserts that its proposed evidence concerns "events that have in fact happened." *Id.* at 3. However, what really has happened, and what may happen next, remains unsettled. The fundamental question before the Court is, what should be done with defendant's proposed evidence? Defendant offers no position on that issue. Plaintiffs have demonstrated that, on the present record, no reliable conclusions can be drawn from defendant's materials. Accordingly, plaintiffs submit that defendant's new, post-trial "evidence," if accepted at all, should be accorded very little evidentiary weight in the Court's deliberations.

## CONCLUSION

For the reasons set forth above and the attached affidavit of counsel, plaintiffs respectfully request that the Court deny defendant's motion to strike.

Dated: May 20, 2004

**Filed Electronically**

Respectfully submitted,

**s/ Jeff H. Eckland**

Mark J. Blando, Of Counsel
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Telecopy: (612) 766-1600

M2:20626231.01