**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES, a Limited Partnership, et al., Plaintiffs, | ) | File No. 97-381C (Judge Allegra) |
| v. | ) | **AFFIDAVIT OF MARK J. BLANDO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |
| THE UNITED STATES, Defendant. | ) | |

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, Mark J. Blando, being first duly sworn, state and depose as follows:

1. I am a member of the law firm of Faegre & Benson LLP in Minneapolis, Minnesota and one of the attorneys representing the plaintiffs in this action. I make this affidavit based upon my personal knowledge and belief.

2. During the week of April 26, 2004, I engaged in several discussions with Shalom Brilliant, counsel for defendant the United States, regarding the Joint Stipulation described in the Court's Order of March 5, 2004 ("Order"). Prior to that time, Mr. Brilliant had also engaged in discussions with Jeff H. Eckland, lead counsel for plaintiffs, regarding the stipulation. These communications occurred both on the telephone and through e-mail correspondence.

3. Mr. Brilliant initially proposed that the parties stipulate to various facts concerning the current status of the Riverfront and Sunrise River Apartments. Plaintiffs then proposed a stipulation that would incorporate certain of the defendant's proposals and also included separate supplemental statements for both parties.

4. I informed Mr. Brilliant, through these discussions, that plaintiffs could not stipulate to any of the matters defendant wished to stipulate to unless plaintiffs were able to include in the joint filing a separate statement setting forth additional points that bore directly on the weight, if any, that the proposed evidence should be afforded. In other words, I stated that plaintiffs could not agree to any of the proposed "facts" without stating their position on significance, or lack thereof, of those matters.

5. As a prime example, I stated that plaintiffs could not stipulate that the two properties are free from the restrictions of the Section 515 program without adding that there remains substantial uncertainty as to whether those properties may be forced back into the program. Plaintiffs view this as a particularly significant concern in light of the agency's failure to abide by its own regulations concerning foreclosure procedures, which, if followed, never would have permitted the properties to leave the Section 515 program.

6. In response, Mr. Brilliant stated that he would not sign any document that included what he viewed as argument on the part of plaintiffs – even though plaintiffs welcomed defendant to include a separate statement as well.

7. There have been numerous instances through the course of this litigation and other related matters in which the parties (and the same counsel involved here) have agreed to file joint stipulations that include separate statements from the parties. Thus, I was surprised that Mr. Brilliant was opposed to following the same approach in this case.

8. Because Mr. Brilliant stated that defendant was not agreeable to submitting any stipulation that included separate statements by the parties in addition to stipulated facts, the parties agreed to submit separate filings to the Court. To be specific, I had a conversation with Mr. Brilliant on April 28, 2004, in which we discussed three options: (1) to

file a joint stipulation that included separate statements from the parties, all as part of a single document; (2) to file a joint statement informing the Court that the parties were unable to reach any agreement; or (3) to file separate statements in response to the Court's Order. Given that defendant opposed the first option, and plaintiffs saw no value in the second option, the parties agreed on the third option: that the parties would submit separate statements setting forth their respective positions.

9. Based on my communications with Mr. Brilliant, I fully expected that defendant would be filing a statement in response to the Court's Order. In addition, Mr. Brilliant was well aware that plaintiffs would be filing such a statement and raised no objection thereto.

10. In fact, I specifically recall that during our discussions on April 28, 2004, Mr. Brilliant expressed some concern over the timing of the parties' filings. He asked me at what time of day plaintiffs expected to be submitting their filing, and suggested that issues could arise if the parties filed their submissions at different times. I responded that plaintiffs probably would not be filing their statement until late in the day, but that plaintiffs had no intention of reviewing defendant's statement before finalizing their own statement.

11. In short, there was no uncertainty that both the parties were planning to submit separate statements to the Court on April 29, 2004. I was thus surprised to learn, the next day, that defendant had not filed anything with the Court. I was even more surprised when defendant moved to strike plaintiffs' filing four days later.

12. In its motion to strike, defendant now denies that the parties ever agreed to file separate statements in response to the Court's Order. *See* Def. Mo. at 2 ("Plaintiffs [state] that 'the parties agreed to file separate statements in response to the Court's Order.' This is not true."). Defendant further describes the parties' communications as follows:

> What Government counsel stated to plaintiffs' counsel concerning the filing of separate statements was that: (1) if plaintiffs wished to present any arguments concerning the information identified in our motion to supplement the record, or to raise new factual or legal matters, a joint filing was the proper place in which to do so; and (2) if plaintiffs were to file a separate statement containing arguments or raising new matters, the Government reserved the right to file a separate statement as well.

*Id.* at 2 n.2.

13. The government's description of the parties' communications is inaccurate in at least three key respects:

(a) First and foremost, and as explained in detail above, the parties expressly agreed to file separate statements in response to the Court's Order. *See* ¶¶ 8-11, *supra*. Defendant's disavowal of that agreement is a complete reversal of position.

(b) Moreover, while defendant previously stated that it was opposed to signing any joint document that included argument from plaintiffs (*see* ¶ 6, *supra*), it now apparently states that it was in fact amenable to such a joint filing.

(c) The government's recitation of the events is also internally inconsistent. The government states that it reserved the right to file its own statement if plaintiffs filed a statement. (Plaintiffs agree that the government was entitled to file a statement, and fully expected defendant to do so on the same date that plaintiffs filed their statement. *See* ¶¶ 9-11, *supra.*) But rather than filing such a separate statement, which plaintiffs would not have opposed, and in fact expected, defendant has moved to strike plaintiffs' filing.

14. In summary, the Status Report filed by plaintiffs in response to the Court's Order was fully in accordance with the parties' prior agreement and discussions. Defendant's current effort to strike that filing is premised upon an incorrect and incomplete recitation of the relevant facts.

FURTHER AFFIANT SAYETH NOT.

________________________________
Mark J. Blando

Subscribed and sworn to before me
this 20th day of May, 2004.

________________________________
Notary Public

M2:20627714.01

FURTHER AFFIANT SAYETH NOT.

Mark J. Blando

Subscribed and sworn to before me
this 20th day of May, 2004.

Notary Public

CAROLINE P. BYRNE
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

M2:20627714.01