# In The United States Court of Federal Claims

No. 97-381C

(Filed: July 16, 2004)

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES, ET AL., Plaintiffs, | * | Improper joinder; RCFC 19(a); RCFC 20(a); Having common legal or factual questions not enough, in itself, to support permissive joinder under RCFC 20(a); Comparison to RCFC 40.2; RCFC 21 – appropriate relief; Severance ordered. |
| v. | * | |
| THE UNITED STATES, Defendant. | * | |

**ORDER**

The complaint in this action lists 31 unrelated plaintiffs. Technically speaking, the question whether these parties are properly grouped in this single action involves joinder of parties, as opposed to joinder of claims, a matter that is governed by RCFC 19(a) and 20(a).

This case is not one involving parties needed for adjudication under RCFC 19(a). Thus, the question whether there is proper joinder of the parties here is controlled by RCFC 20(a), which provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." This rule "permits the joinder of persons whose presence is procedurally convenient but is not regarded as essential to the court's complete disposition of any particular claim." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (hereinafter "Wright, Miller & Kane") § 1652, at 397 (3d ed. 2001).

RCFC 20(a) imposes two separate requirements to support joinder: (1) a right to relief must be asserted by, or against, each plaintiff or defendant, relating to or arising out of the same transaction or occurrence, **and** (2) some question of law or fact common to all the parties will arise in the action. Both of these requirements must be satisfied in order to sustain joinder under RCFC 20(a); if one or the other is not met, the parties are improperly joined. *See* 7 Wright, Miller & Kane § 1653, at 403-08 (citing numerous cases).

When are these requirements met? Taking them in reverse order, the second of the two requirements, the common question test, is usually easily satisfied, particularly since there must be only one such overlapping question – indeed, it is usually because there are such overlapping questions that a case with multiple parties is filed with this court. The first of the requirements of RCFC 20(a), the so-called transactional test, is "more forbidding" and the one more likely to

require disaggregation. *See Bridgeport Music, Inc. v. 11C Music, Inc.*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001). Under the comparable Federal rule, a right to relief relates to or arises out of the "same transaction or occurrence" only if it involves a single event or a related series thereof. *See, e.g., Philips Elecs. N. America Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1370-71 (D. Del. 1983). Courts, in particular, have rejected the notion that the "same transaction or occurrence requirement" may be construed to allow joinder of parties having only "similar" claims," for example, breach of contract claims based on the same form contract.[1] While the twin tests of RCFC 20(a) are easier articulated than applied, and while the decisional law reveals that individual courts periodically deviate from them, at least one bright line distinction derives from the foregoing analysis – having common legal or factual questions is not enough, in itself, to support permissive joinder.

The latter conclusion is reinforced by examining RCFC 40.2, involving directly- and indirectly- related cases. That rule indicates that "directly-related cases" are ones that "(A) involve the same parties and are a based on the same or similar claims; or (B) involve the same contract, property or patent," RCFC 40.2(a)(1); by comparison, "indirectly-related cases" are simply those that "present common issues of fact" and for which coordination "would significantly promote the efficient administration of justice," RCFC 40.2(b)(1). "Directly-related cases" essentially are assigned to a single judge, while "indirectly-related cases" are subject to coordination among the judges to whom they are assigned. Comparing these provisions to the foregoing analysis of RCFC 20(a) yields two observations. First, under RCFC 40.2(a)(1), it is readily apparent that cases are not directly-related solely by virtue of the fact that they present common issues of fact or law. Thus, individuals who are linked only by such common issues can neither bring a single action under RCFC 20(a) nor have their cases assigned to the same judge

[1] For a highly abbreviated smattering of these cases, *see, e.g., Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988) (finding that a loan made to the plaintiff by one defendant was unrelated to similar loans made to the plaintiff by other defendants and that joinder was therefore improper); *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (multiple plaintiffs alleging similar defects with their automobiles failed to meet same transaction requirement because cars were purchased at different times); *Ross v. Meagen*, 638 F.2d 646, 650 n.5 (3d Cir. 1981) (observing that "similar" transactions are not the "same" transaction); *In re Diet Drugs*, 294 F. Supp. 2d 667, 678 (E.D. Pa. 2003) (Rule 20(a) "does not authorize joinder of claims arising out of 'similar' transactions'"); *Pergo, Inc. v. Alloc, Inc*., 262 F. Supp.2d 122, 128 (S.D.N.Y. 2003) (competitors alleged to have infringed the same patent could not be joined as defendants in a single action); *Graziose v. American Home Prods. Corp.* 202 F.R.D. 638, 640-41 (D. Nev. 2001) (consumers could not bring single action despite all allegedly having been injured by products containing pehylpropanolamine); *Androphy v. v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (corporations alleged to have infringed the same patent could not be joined as defendants); *Grayson v. K-Mart, Corp.*, 849 F. Supp. 785, 788-89 (N.D. Ga. 1994) (employees could not be joined in single suit despite claiming discrimination against them derived from a single corporate policy); *Paine, Webber,* 564 F. Supp. at 1371; *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983) ("It may be that the complaints assert a right to relief against all defendants arising from similar transactions, but the rule permitting joinder requires that such arise from the same transactions.").

under RCFC 40.2(a)(1). Second, well-known canons of construction suggest that the term "same" must be construed consistently both in RCFC 20(a) and RCFC 40.2(a)(1)(A), with the result that the term in the latter rule cannot mean "similar." Further indication of this may be found in RCFC 40.2(a)(1)(A), which defines direct-related cases as involving the "same" parties and the "same or similar" claims, again suggesting that the terms "same" or "similar" are not synonymous. As such, when RCFC 40.2(a)(1)(B) defines directly-related cases as including those involving the "same contract, property, or patent," it is not referring to cases involving "similar" contracts – ones, for example, that involve the same government form contract, but different contracting parties or dates of execution. *See also* Merriam-Webster's Collegiate Dictionary 1033 (10th ed. 1998) ("same" defined as "resembling in every relevant respect" or "conforming in every respect").

Based on the foregoing analysis, this court readily concludes that the plaintiffs in this case are improperly joined. While the claims of these individuals obviously share common legal and factual questions, they do not meet the transactional test of RCFC 20(a).

RCFC 21 allows the court to raise this issue *sua sponte* at any stage in the proceedings. Under that same rule, if a party is improperly joined, the proper remedy is not to dismiss the case entirely, but rather to drop the improper parties "on such terms as are just." *See* 7 Wright, Miller & Kane § 1684, at 484. This disaggregation may be accomplished either by dismissing the improper plaintiffs without prejudice or by simply severing their claims from the action. In choosing between these options and in deciding what terms are "just," the decisional law emphasizes several considerations: First, it is important to determine whether there is a statute of limitations problem – if the filing of new suits is barred by the statute, severance is really the only appropriate option, as the original filing date carries over to the new cases, *see Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999).[2] Second, apart from statute of limitations considerations, principles of judicial economy suggest that severance, rather than dismissal, be ordered if a particular judge has invested considerable time in the case and intends, therefore, to continue to control the resolution of the entire set of cases.

Based on the foregoing, the court concludes as follows:

1. The Clerk is ordered to sever the claims of the following plaintiffs from that of Franconia Associates: Dublin Plaza, Inc.; Eastwood Apartments, a Limited Partnership; Evergreen Manor Associates, a Limited Partnership; Fox Ridge Phase II, a Limited Partnership; Marilyn Graham; Greenway of Altoona Associates, Phase I, a Limited Partnership; Greenway of Altoona Associates, Phase II, a Limited Partnership; Greenway of Newton Associates, Phase I, a Limited Partnership; David A. Hodges, Sr.; David A. Hodges, Sr. and Joanne M. Hodges; Phoebe J. Perri; Pine Needles Apartments, a Limited Partnership; Prairie Village of Adel Associates, a Limited Partnership; Prairie Village of Altoona

---

[2] While the statute of limitations in a class action is tolled while the court determines whether class certification is appropriate, *see Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-53 (1983), such is not true in the case of a misjoinder. *Elmore*, 227 F.3d at 1012.

Associates, a Limited Partnership; Prairie Village of Grimes Associates, a Limited Partnership; Prairie Village of Huxley Associates, a Limited Partnership; Prairie Village of LaPorte City Associates, a Limited Partnership; Prairie Village of Parkersburg Associates, a Limited Partnership; Prairie Village of Slater Associates, a Limited Partnership; Prairie Village of State Center Associates, a Limited Partnership; R.C. Getty Apartments, a General Partnership; R.C. Mo Apartments, a General Partnership; R.C. Pierre Apartments, a General Partnership; R.C. Springs Apartments, a General Partnership; Scenic Valley Associates, a Limited Partnership; Timberbrook Properties, a General Partnership; Tucker Properties, a Limited Partnership; Tucker Properties II, a Limited Partnership; Valley Associates, a Limited Partnership; Brian E. Wells.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each of those cases, beginning with the number "97-381-1C."

3. Pursuant to RCFC 42, these newly-created cases shall be consolidated for all purposes with *Franconia Associates v. United States*, 97-381C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court.

4. This order does not require the parties to file or refile any additional documents in the newly-created cases, the dockets and records of which shall be deemed to include any prior filings in this action.

**IT IS SO ORDERED:**

s/Francis M. Allegra
Francis M. Allegra
Judge