IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FRANCONIA ASSOCIATES, a Limited Partnership, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Case Nos. 97-381C & 97-38124C (Judge Francis M. Allegra) **DECLARATION OF ALLAN O. MAKI IN SUPPORT OF PLAINTIFF SCENIC VALLEY ASSOCIATES' MOTION FOR LEAVE TO SUPPLEMENT RECORD** |

## DECLARATION OF ALLAN O. MAKI

I, Allan O. Maki, declare as follows:

1. I am one of the four original partners of Scenic Valley Associates, a Wisconsin Partnership ("Scenic Valley"), named as plaintiff No. 26 in the above-captioned action. I am 69 years old and remain duly licensed to practice law in the State of Michigan. I make this Declaration in support of Plaintiff Scenic Valley Associate's Motion For Leave To Supplement Record. All facts asserted herein are based upon my personal knowledge.

2. The remaining three original partners of Scenic Valley are Mr. George Vitalis, Mr. Linn Slattengren, and Mr. Robert Rawlings. Mr. George Vitalis, now deceased, testified on behalf of Scenic Valley at the trial of this matter held during June 2003 in Des Moines, Iowa.

3. I recall many discussions held among myself and my three partners and the FmHA regarding our contractual right to prepay the mortgage loan on Scenic Valley. Without this right, there would have been no purpose and no incentive to enter into this long-term contract (with a period of 50 years). It was our understanding that the partnership not only was entitled to prepay, but was expected to refinance the project at some point before the end of

the mortgage term. Indeed, we were strongly urged to do so, and we fully intended to do so. That is why we ultimately decided to join this civil action.

4. Beginning in 1997, prior to and after the filing of plaintiffs' complaint in this matter, Mr. Vitalis approached me and each of the other three partners in an attempt to locate any and all relevant documents concerning the property owned by Scenic Valley. These documents initially comprised the closing documents, including the promissory note, loan agreement, and mortgage. Over the course of the next six years prior to trial, Mr. Vitalis made numerous other attempts to locate relevant documents substantiating Scenic Valley's claim.

5. During 2002, prior to his providing a deposition on behalf of the partnership in this matter, Mr. Vitalis made one of his many attempts to find relevant documents. This time he focused on locating the partnership's prepayment request submitted to the FmHA's district office in the State of Wisconsin. A copy of the prepayment request itself could not be found by either Mr. Vitalis or the FmHA. However, the evidence admitted at trial proves that such a prepayment request was, in fact, submitted to the FmHA sometime between August 23, 1994 and April 12, 1995. (Plaintiffs' Exhibit No. 47 at pp. 5-6.) Of all the partners, only Mr. Slattengren was able to locate some of the documents associated with this prepayment request. (*Id.*) During Mr. Vitalis' direct examination at trial, these documents were admitted into evidence as Plaintiffs' Exhibit No. 47, pp. 1-6.

6. One of the documents for which Mr. Vitalis was looking during 2002, prior to trial, was information from the Bank of Osceola in Osceola, Wisconsin, indicating its willingness to commit to a conventional mortgage loan in an amount sufficient for the partnership's intended pay-off of the FmHA's mortgage loan on Scenic Valley. The Bank of Osceola is now known as Riverbank. Mr. Slattengren recalls that the Bank of Osceola had

informed him during or about the partnership's 1994 prepayment attempt that there would be no problem in obtaining such a loan.

7. After making their extensive searches in 2002, neither Mr. Vitalis nor Mr. Slattengren could find any such documentation in their own files, and neither could I nor Mr. Rawlings. Mr. Slattengren, a retired judge for Chisago County, Minnesota, currently is in Kosovo trying cases on behalf of the United Nations. From recent discussions I have had with Mr. Slattengren, however, I have learned that (pursuant to Mr. Vitalis' request) Mr. Slattengren approached the Bank of Osceola during 2002 and asked them for any and all documents associated with Scenic Valley. In particular, Mr. Slattengren asked the Bank to check its files for any documents relating to the Bank's willingness to grant a conventional mortgage loan to the partnership for purposes of prepaying its FmHA mortgage loan.

8. Unfortunately, the Bank of Osceola moved its location during or about 2001 to 2002. In recent discussions that I have had with Doug Wynveen of the Bank, I have learned that this move likely hampered the Bank's ability to locate the documents for which Mr. Slattengren had asked them to look. As it was, at that time in 2002 the Bank did not locate any such documentation in its files.

9. Since the Court's August 30, 2004 order in this matter, the surviving partners of Scenic Valley have made yet another series of attempts to locate missing documents. Having obtained a power of attorney from Mr. Slattengren in Kosovo, I contacted the Bank in yet another attempt to find relevant documents in the Bank's files. Fortunately, this time the Bank was successful in locating the following documents, none of which exist anywhere else:

(a) Internal notes indicating the Bank quoted loan rates to Mr. Slattengren (Exhibit A);
(b) A financial statement of Linn and Helen Slattengren from July 1994 (Exhibit B);
(c) A financial statement of Allan and JoAnne Maki from January 1997 (Exhibit C);
(d) A financial statement of George Vitalis from August 1992 (Exhibit D);

(e) A financial statement of Robert and Beverly Rawlings from January 1993 (Exhibit E);
(f) A financial statement for Scenic Valley as of Dec. 31, 1994 (Exhibit F).

10. A bank officer by the name of Doug Wynveen was largely responsible for finding these documents. He apologized to me for the Bank's inability to find the attached documents prior to trial, and attributed the Bank's failure to find them in large part to its move during 2001 to 2002.

11. The Bank's newly discovered documents include an internal document which corroborates Mr. Slattengren's recollection that there would be no problem in obtaining a conventional loan to prepay the FmHA mortgage. Ex. A. In fact, the bank officer makes a notation requesting his fee for making a loan commitment. *Id.*

12. The balance of the mortgage loan held by Scenic Valley was $364,623 at the beginning of 1994. (Plaintiffs' Exhibit No. 48 at p.9, n.1). Pursuant to the 1994 financial records recently found by the Bank, a combination of the property's reserve account, $46,157, and total value of the building and related land parcel, $327,264, totals $373,421 – more than enough to support a conventional mortgage capable of paying off the FmHA's outstanding mortgage. Ex. F.

13. The financial documents recently discovered by the Bank also clearly show that the partnership had the ability to prepay the FmHA's mortgage loan from the personal assets of its partners, wholly apart from the reserve funds and equity in the property. Indeed, Mr. Slattengren's personal financial statement alone indicates a net worth of $1,579,500. Ex. B. The statement of Mr. Maki indicates a net worth of $749,710. Ex. C. The 1992 statement of Mr. George Vitalis shows a net worth of $761,400. Ex. D. The statement of Mr. Robert Rawlings indicates a net worth of $441,400. Ex. E. Any one of the partners therefore could have prepaid the entire FmHA mortgage from his personal finances.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2004 in Venice, Florida.

Allan O. Maki

Allan O. Maki

# EXHIBIT A

Scenic Valley Associates

7/29/94 Today, DSW and I met with Lynn Slattengren of Scenic Valley Associates. Lynn was inquiring as to our interest in issuing a commitment for the financing of Scenic Valley Apartments located in Osceola, WI. The apartments are currently financed through an FHA subsidized program. Lynn would like to payoff the other three partners via a cash injection and borrowing as much as possible against the real estate. Essentially, Lynn is looking for a commitment for 75 - 80% of the appraised value on a 15-20 yr amortization. DSW quoted rates from 1.75 to 2.00% over prime with one year adjustments. Lynn will in turn take ~~out~~ our commitment to the FHA and use it to qualify for the FHA interest subsidy program for low income housing.

As a side note, the Scenic Valley Apartments have 24 units and have been running 100% occupancy. We have financial information through December 31, 1993. Lynn will provide a proforma assuming the additional debt service required and we will work on a commitment letter at that time. I would like to be compensated somehow for issuing the commitment i.e. some sort of commitment fee. I will await the receipt of the proforma and proceed accordingly.

DCR

Maki Decl. Ex A

# EXHIBIT B

Stock No. 11031

©Wisconsin Bankers Association 1986

INDIVIDUAL FINANCIAL STATEMENT

IMPORTANT: Date and sign statement

Name Linn + Helen Slattengren

Address 26555 St. Croix Tr. No. Shafer, Mn. 55074

To ______ ("Lender")

For the purpose of obtaining credit from Lender and any future credit granted by Lender, or to support the extension of credit already given, I make the following statement to Lender of my financial condition on the 1st day of July, 1994. I certify that the statement is true and complete and authorize the Lender or its agents to verify the information obtained in this statement, to obtain additional information concerning my financial condition, to furnish the same to others and to answer any questions about my credit experience and other financial relationships with the Lender. This statement is the Lender's property. I agree to notify Lender, in writing, of any change that materially affects the accuracy of this statement.

For Wisconsin residents only: I am ☒ married ☐ unmarried ☐ legally separated

Name of spouse ______ Address ______

NOTICE TO MARRIED APPLICANTS: No provision of any marital property agreement, unilateral statement under §766.59, Wis. Stats., or court decree under §766.70, Wis. Stats., adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted or an open-end credit plan is entered into, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision.

INSTRUCTIONS FOR INFORMATION TO BE SUPPLIED BELOW:

**If married applicants are applying for joint credit, include all assets and all liabilities of both spouses. Both spouses must sign this statement. If a married applicant is applying for separate credit or for joint credit with someone other than his or her spouse, include all marital property and all individual property of the applicant spouse, but do not include individual property of the other spouse. A married applicant must in every case identify the liabilities of both spouses.**

For purposes of this statement:

Marital property means assets acquired with my or my spouse's income on or after 1-1-86; and

Individual property means property owned (whether in joint or sole name) by me prior to marriage, prior to establishing residence in Wisconsin, or prior to 1-1-86, however acquired, and property acquired by me by gift or inheritance at any time.

COMPLETE ALL BLANKS, WRITING "NO" OR "NONE" WHERE NECESSARY

| ASSETS | | LIABILITIES OF APPLICANT AND SPOUSE | |
|---|---|---|---|
| Cash on Hand and in Financial Institutions (Schedule A) | $ 3,500 | Notes Payable - Lenders/Secured (Schedule E) | $ 34,000 |
| Gov't and Listed Securities (Schedule B) | 19,000 | Notes Payable - Lenders/Unsecured (Schedule E) | |
| Unlisted Securities (Schedule B) | 6,500 | Notes Payable Others (Schedule E) | |
| Notes and Loans Receivable (Schedule F) | 12,000 | Life Insurance Loans (Schedule C) | |
| Homestead and Real Estate Owned (Schedule D) | 2,250,000 | Due to Brokers | |
| Automobiles | 10,000 | Accounts Payable | |
| Other Personal Property ~~[illegible]~~ - | 28,000 | Unpaid Income Taxes | |
| Cash Value Life Insurance (Schedule C) | 1,500 | Real Estate Mortgages Payable (Schedule D) | 754,000 |
| Securities Held by Brokers in Margin Accts. | | Real Estate Taxes | |
| Equity in Partnership } included in R.E. | | Credit Cards | |
| Equity in Proprietorship } | | Other Debts (Itemize Below) | |
| Vested Pension Benefits or Profit Sharing | | | |
| Other Assets: (Itemize Below) | | | |
| Boats | 20,000 | | |
| Farm Machinery | 25,000 | | |
| | | | |
| | | Total Liabilities | 754,000 |
| | | Assets less Liabilities = Net Worth | |
| TOTAL ASSETS | $2,367,500 | TOTAL LIABILITIES and NET WORTH | $1,613,500 |

| SOURCES OF INCOME FOR YEAR ENDED | | CONTINGENT LIABILITIES OF APPLICANT AND SPOUSE | |
|---|---|---|---|
| Salaries & Bonuses* Linn | $ 80,000 | As Endorser, Co-Maker, or Guarantor | $ 0 |
| Helen | $ 20,000 | On Lease or Contracts | $ |
| Commissions | $ | Legal Claims | $ |
| Dividends & Interest | $ 9,000 | Other (describe) | $ |
| Real Estate | $ | | |
| Other** | | | |

*For Married Wisconsin residents, name each spouse and include the income of each spouse.

**Income from Alimony, Child Support or Separate Maintenance income need not be revealed if you do not wish the Lender to consider this income in determining your creditworthiness.

PERSONAL INFORMATION

Home Telephone (612) 257-2133 Social Security No. 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

Employer(s) of Applicant(s)

Are any assets pledged or restricted other than indicated on following schedules? If so, describe. No

Are you a defendant in any legal actions or suits? If so, describe. No

Are you a partner or officer in any other venture? If so, describe. No

Do you have a will? ☐ Yes ☑ No If so, name of Personal Representative. n/a

Maki Decl. Ex B

# EXHIBIT C

© Wisconsin Bankers Association 1986

FIPCO

# INDIVIDUAL FINANCIAL STATEMENT

IMPORTANT: Date and sign statement

Name Allan O. Maki & JoAnne L. Maki

Address N55 W34779 Lake Dr., Oconomowoc WI 53066

To ______ ("Lender")

For the purpose of obtaining credit from Lender and any future credit granted by Lender, or to support the extension of credit already given, I make the following statement to Lender of my financial condition on the 31st day of January, 1997. I certify that the statement is true and complete and authorize the Lender or its agents to verify the information obtained in this statement, to obtain additional information concerning my financial condition, to furnish the same to others and to answer any questions about my credit experience and other financial relationships with the Lender. This statement is the Lender's property. I agree to notify Lender, in writing, of any change that materially affects the accuracy of this statement.

For Wisconsin residents only: I am ☒ married ☐ unmarried ☐ legally separated

Name of spouse JoAnne L. Maki Address (Same)

**NOTICE TO MARRIED APPLICANTS:** No provision of any marital property agreement, unilateral statement under §766.59, Wis. Stats., or court decree under §766.70, Wis. Stats., adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted or an open-end credit plan is entered into, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision.

**INSTRUCTIONS FOR INFORMATION TO BE SUPPLIED BELOW:**
**If married applicants are applying for joint credit, include all assets and all liabilities of both spouses. Both spouses must sign this statement. If a married applicant is applying for separate credit or for joint credit with someone other than his or her spouse, include all marital property and all individual property of the applicant spouse, but do not include individual property of the other spouse.**
**A married applicant must in every case identify the liabilities of both spouses.**

For purposes of this statement:
Marital property means assets acquired with my or my spouse's income on or after 1-1-86; and
Individual property means property owned (whether in joint or sole name) by me prior to marriage, prior to establishing residence in Wisconsin, or prior to 1-1-86, however acquired, and property acquired by me by gift or inheritance at any time.

**COMPLETE ALL BLANKS, WRITING "NO" OR "NONE" WHERE NECESSARY**

| ASSETS | | LIABILITIES OF APPLICANT AND SPOUSE | |
|---|---|---|---|
| Cash on Hand and in Financial Institutions (Schedule A) | $10000 | Notes Payable - Lenders/Secured (Schedule E) | $ |
| Gov't and Listed Securities (Schedule B) | 8600 | Notes Payable - Lenders/Unsecured (Schedule E) | |
| Unlisted Securities (Schedule B) | 91200 | Notes Payable Others (Schedule E) | |
| Notes and Loans Receivable (Schedule F) | | Life Insurance Loans (Schedule C) | 6200 |
| Homestead and Real Estate Owned (Schedule D) | 520,000 | Due to Brokers | |
| Automobiles | 22,000 | Accounts Payable | |
| Other Personal Property | 42,000 | Unpaid Income Taxes | |
| Cash Value Life Insurance (Schedule C) | 17,000 | Real Estate Mortgages Payable (Schedule D) | 295,000 |
| Securities Held by Brokers in Margin Accts. | | Real Estate Taxes | 7180 |
| Equity in Partnership | 10,000 | Credit Cards | 15000 |
| Equity in Proprietorship | | Other Debts (Itemize Below) | |
| Vested Pension Benefits or Profit Sharing | 85,000 | Emjay Retirement Plan | 10200 |
| Other Assets: (Itemize Below) | | | |
| IDS Keogh Accts | 79,000 | | |
| American Century IRA | 126,000 | | |
| Schwab IRA's | 72,500 | | |
| | | | |
| | | Total Liabilities | 333590 |
| | | Assets less Liabilities = Net Worth | 749,710 |
| TOTAL ASSETS | $1,083,300 | TOTAL LIABILITIES and NET WORTH | $1,083,300 |

| SOURCES OF INCOME FOR YEAR ENDED | | CONTINGENT LIABILITIES OF APPLICANT AND SPOUSE | |
|---|---|---|---|
| Salaries & Bonuses* | $ 115,000 | As Endorser, Co-Maker, or Guarantor | $ |
| | $ | On Lease or Contracts | $ |
| Commissions | $ | Legal Claims | $ |
| Dividends & Interest | $ | Other (describe) | $ |
| Real Estate | $ | | |
| Other** Oil/gas Sales | 18,000 | | |

*For Married Wisconsin residents, name each spouse and include the income of each spouse.
**Income from Alimony, Child Support or Separate Maintenance income need not be revealed if you do not wish the Lender to consider this income in determining your creditworthiness.

**PERSONAL INFORMATION**

Home Telephone 414-569-8197 Social Security No. 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

Employer(s) of Applicant(s) Ryan, Maki, Mann & Hohenfeldt, S.C.

Are any assets pledged or restricted other than indicated on following schedules? If so, describe. " (Stock Purchase Agreement)

Are you a defendant in any legal actions or suits? If so, describe. No

Are you a partner or officer in any other venture? If so, describe. No

Do you have a will? ☑ Yes ☐ No If so, name of Personal Representative. spouse

Have you ever been declared Bankrupt? If so, describe. No

COMPLETE SCHEDULES AND SIGN ON REVERSE

Maki Decl. Ex C pg 1

**Schedule A - Cash, Checking Accounts & Certificates of Deposit**

| Type | Name of Financial Institution | Amount | In Name Of: | PLEDGED YES | PLEDGED NO |
|---|---|---|---|---|---|
| Checking | M & I Lake Country Bank | 10 000 | Jt | | x |
| | | | | | |
| | | | | | |
| | | | | | |

**Schedule B - U.S. Government, Listed, & Unlisted Securities (List on separate sheet if necessary)**

| No. of Shares or Face Value (Of Bonds) | Description* | Owner | Market Value | PLEDGED YES | PLEDGED NO |
|---|---|---|---|---|---|
| 400 | Series EE | Allan | $400 | | x |
| 3200 | Maki's Inc. | Jt | 5000 | | x |
| 1975-2 + 1977x | Dyco Petroleum Prshp | Allan | 1200 | | x |
| Fidelity | Ultra Service Acct | Jt | 8200 | | x |
| Geodyne/Geogasco | Texas Oil + Gas Partnerships | Allan | 85000 | | x |

*Indicate if Securities are Restricted By Contract or SEC Regulations.

**Schedule C - Life Insurance Carried, Include Group**

| Face Amount | Name of Company | Owner | Beneficiary | CASH SURRENDER Value | CASH SURRENDER Loans |
|---|---|---|---|---|---|
| 25000 | NML | Self | Tr Under Will | 5500 | 5000 |
| 110 000 | Lutheran Brohood | " | Spouse | 5000 | |
| 70 000 | MONY | " | " | 6500 | 1200 |
| 25 000 | Lutheran Brohood | JoAnne | " | - | - |
| 250 000 | CNA | Self | " | - | - |

**Schedule D - Real Estate Owned**

| Address & Type of Property | Date Acquired | Owner | Cost | Mkt. Value | MORTGAGE Amount | MORTGAGE Maturity | Insurance $ |
|---|---|---|---|---|---|---|---|
| Okauchee Lake - Residence | 94-95 | Jt (Built) | 360000 | 445,000 | 295,000 | | 380000 |
| Burnett Co vacant land | Var. | | | 5000 | | | |
| Condo - Sanibel Is. Fla | 1986 | | 16000 | 20000 | | | |
| 1/4 Scenic Valley Assoc., Osceola WI. 1979 Partnership | | | | *50000 (net) | | | |

**Schedule E - Names of Banks or Other Lenders Where Credit Has Been Obtained**

| Name & Address of Lender | Borrower | Date Made | Due | High Credit | Current Balance | Sec. or Unsec. |
|---|---|---|---|---|---|---|
| St Paul Savings, Chi, IL | Jt | 9-96 | 2026 | 297,000 | 295 000 | Sec. |
| Emjay | Allan | 1-95 | 1-00 | 78 000 | 10 290 | " |
| VISA | Jt | Var | Var | 20,000 | 16 000 | Unsec. |
| | | | | | | |
| | | | | | | |

**Schedule F - Notes and Loan Receivable**

| Unpaid Amount | Name of Maker | Date Made | Security Pledged |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

It may be a federal crime punishable by a fine of not more than $5,000 or imprisonment for not more than two years or both to knowingly make false statements concerning any of the above information, under provisions of Title 18, United States Code, Section 1014.

Jan. 31, 1997
(Date Signed)

x Allan O. Maki
Applicant Signature

x Joanne J. Maki
Applicant Signature

For married Wisconsin resident. I understand the Lender may be required by law to give notice of any credit transaction to my spouse. The credit applied for, if granted, will be incurred in the interest of my marriage or family.

x Allan O. Maki
Applicant Signature

Maki Decl. Ex C pg 2

# EXHIBIT D

GEORGE VITALIS

PERSONAL STATEMENT OF FINANCIAL CONDITION
AS OF AUGUST 15,1992

ASSETS

| | |
|---|---|
| CASH | $ 2,200 |
| CASH VALUE LIFE INSURANCE | 1,400 |
| RECEIVABLE DEVELOPMENT FEE | 30,000 |
| ROSE VITALIS ESTATE | 51,500 |
| EQUITIES IN REAL ESTATE PARTNERSHIPS: | |
| WOODLAND ASSOCIATES | 21,000 |
| FRANCONIA ASSOCIATES | 225,000 |
| VALLEY ASSOCIATES | 140,000 |
| SCENIC VALLEY ASSOCIATES | 48,000 |
| SUNRISE RIDGE APARTMENTS LTD. PARTNERSHIP | 2,000 |
| RITEWAY-VITALIS AGGREGATES | 15,000 |
| CANNON VALLEY APARTMENTS | 20,000 |
| DUE FROM SALE - SIMMA, FLOTTEMESCH & ORENSTEIN, LTD | 12,000 |
| SPECTRUM DIAGNOSTICS S.p.A. - STOCK AND WAGES | 140,000 |
| LAND | 70,000 |
| PERSONAL PROPERTY | 15,000 |
| DEVELOPMENT NOTE RECEIVABLE | 21,000 |
| TOTAL ASSETS | $ 814,100 |

LIABILITIES AND NET WORTH

| | |
|---|---|
| PERSONAL BILLS | $ 1,500 |
| AUTO LOAN | 1,000 |
| PERSONAL LOAN | 1,700 |
| CREDIT CARDS PAYABLE | 15,500 |
| MORTGAGE PAYABLE - LAND | 12,500 |
| BANK LOAN PAYABLE | 20,500 |
| TOTAL LIABILITIES | $ 52,700 |
| NET WORTH | $ 761,400 |

George Vitalis
GEORGE E. VITALIS

10/24/92
DATE

Maki Decl. Ex D

# EXHIBIT E

ROBERT R. AND BEVERLY M. RAWLINGS

STATEMENT OF FINANCIAL CONDITION

1/11/93

| | Estimated Market Value | |
|---|---|---|
| ASSETS | | |
| Cash | $ 5.200 | |
| Securities: | | |
| IRA accounts Bob & Bev. | 13,800 | |
| 5000 shares Agro-K | 17,000 | |
| Cash value of life insurance | 3,400 | |
| Recreational equipment | 12,000 | |
| Personal property | 48,000 | |
| Residence - Deer Lake, WI | 230,000 | |
| 98% ownership of Northern Electricians, Inc., St. Croix Falls, WI | 150,000 | |
| 25% interest, Scenic Valley Associates Partnership | 72,000 | |
| 50% interest, Croix Valley Associates | 22,000 | |
| Total Assets | $573,400 | $573,400 |

| | | |
|---|---|---|
| LIABILITIES AND NET WORTH | | |
| Loan, Bank of Osceola | $ 8,000 | |
| Residence, Deer Lake, WI | 100,000 | |
| Accrued income taxes on unrealized asset appreciation (estimated) | 24,000 | |
| Total Liabilities | $132,000 | $132,000 |
| Net Worth | | $441,400 |

1-18-93

Maki Decl. Ex. E

# EXHIBIT F

SCENIC VALLEY ASSOCIATES 123194
BALANCE SHEET Page 1
SCEN VALLEY AS OF DECEMBER 31 )94

ASSETS

| | | |
|---|---|---|
| CURRENT ASSETS | | |
| CASH O & M | 735.30 | |
| O & M EXCESS SAVINGS | 6,277.85 | |
| CASH RESERVE | 46,156.53 | |
| SECURITY DEPOSITS | 5,199.00 | |
| A/R FMHA | 1,938.00 | |
| | -------------- | |
| TOTAL CURRENT ASSETS | | 60,306.68 |
| FIXED ASSETS | | |
| LAND PARCEL #2 | 7,916.55 | |
| BUILDINGS | 319,347.70 | |
| BUILDING ACCUM DEPRE. | -277,696.10 | |
| EQUIPMENT AND FURNITURE | 163,522.39 | |
| | -------------- | |
| TOTAL FIXED ASSETS | | 213,090.54 |
| | | -------------- |
| TOTAL ASSETS | | $273,397.22 |
| | | ============== |

Maki Decl. Ex. F