IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br>A Limited Partnership, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C & 97-3812C<br>(Judge Allegra) |

DEFENDANT'S OPPOSITION TO PLAINTIFF
EASTWOOD APARTMENTS, L.P.'S MOTION TO SUPPLEMENT RECORD

## INTRODUCTION

In this Court's Opinion and Order of August 30, 2004, the Court dismissed the claim relating to several of the housing complexes involved in this case, including the complex owned by plaintiff Eastwood Apartments, L.P. ("Eastwood"), finding that the trial record was "essentially devoid of any indication that their owners had the capacity to prepay at any point prior to trial." Franconia Associates v. United States, 61 Fed. Cl. 718, 748 (2004). The Court added that "the evidence produced as to the prepayment capacity of the other complexes only serves to highlight the failure of proof as to the four properties in question." Id. Now – 16 months after the trial in this case was concluded and two months after the issuance of the Court's opinion, Eastwood seeks to supplement the record with additional evidence to fill this gap in its proof.

Eastwood contends that this evidence was "not in his [sic] possession at the time of trial," Eastwood Motion 3, but the declaration Eastwood cites to support this assertion suggests otherwise (except for one document that was plainly created after the trial to serve as post hoc evidence), and that Eastwood simply did not take the trouble to retrieve the documents it now

proffers until after the Court issued its opinion in this case. Eastwood argues, essentially, that proving its capacity to prepay did not appear necessary until the Court ruled that it was. This is not an appropriate basis for reopening the record for new evidence. And, in any event, the proffered new evidence fails, on its face, to prove that Eastwood had the capacity to prepay. Eastwood's motion to supplement the record should be denied.

ARGUMENT

Eastwood correctly states that "a motion to reopen to submit additional proof is addressed to sound discretion of the court." Eastwood Motion 4, citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 331 (1971). Citing decisions from courts of appeals for various circuits (but not the Federal Circuit), Eastwood also identifies three of the factors that courts have considered in deciding such motions: the timing of the motion, the nature of the additional evidence, and the potential for prejudice to the nonmoving party. Eastwood omits, however, another important factor: the movant's reason for not offering the evidence earlier. See Blinzler v. Marriott Int., Inc., 81 F.3d 1148, 1160 (1st Cir.1996) ("specific factors to be assessed include . . . the proponent's explanation for failing to offer the evidence earlier . . .").

The Federal Circuit, among others, has recognized that a party is ordinarily not entitled to reopen the record to offer evidence that available and could have been offered during the trial. See Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379-1380 (Fed. Cir. 1999) (denial of motion to reopen affirmed where, among other things, "the evidence was not newly discovered by Enzo, and Enzo offers no reason why it did not produce it at trial"). Similarly, other Circuits have recognized that " 'a plaintiff's failure to call available witnesses or produce existing evidence does not ordinarily constitute grounds to reopen a case.'" Gathright v. St. Louis Teacher's Credit

Union, 97 F.3d 266, 268 (8th Cir.1996), quoting Wilson v. Good Humor Corp., 757 F.2d 1293, 1300 (D.C. Cir. 1985). "[I]f the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and consider the evidence." Downey v. Denton County, Tex., 119 F.3d 381, 387 (5th Cir. 1997), quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), reh'g denied, 920 F.2d 259 (1990), cert. denied, 510 U.S. 859 (1993).[1]

Eastwood relies heavily upon Gibson v. Mayor and Council of the City and Wilmington, 355 F.3d 215 (3d Cir. 2004). Although the trial court in Gibson reopened the trial record to admit evidence that existed at the time of trial, the evidence was not admitted to fill a gap in a party's proof, or to prove facts that weren't already in evidence. The new evidence consisted of audio tapes of certain telephone conversations. The trial evidence already included videotapes made of an administrative hearing in which the same audio tapes were played. In viewing those videotapes, the jury heard these audio recordings, but their audibility was poor. During jury deliberations, the jury requested the original tapes, and the request was granted. Here, Eastwood

[1] See also Continental Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc., 755 F.2d 87, 92 (7th Cir. 1985) (whether plaintiff's delay in offering sales records into evidence was the result of a tactical decision or oversight, trial court did not abuse its discretion in refusing to consider them when belatedly offered at the close of defendants' case); Blytheville Cotton Oil Company v. Kurn, 155 F.2d 467, 470.(6th Cir. 1946) (trial judge did not abuse his discretion in denying motion to reopen case for additional testimony, where motion was not based on newly discovered evidence, and the evidence could have been readily submitted at the trial); Armstrong v. Charlotte County Bd. of County Com'rs, 273 F. Supp.2d 1312, 1316 n.1 (M.D. Fla. 2003) (title VII plaintiff 's request for post-trial hearing to present additional evidence on value of her benefits denied because it was "evidence that should have been introduced during the trial . . . "); Korea First Bank v. Lee, 14 F. Supp. 2d 530, 531 (S.D.N.Y. 1998) (party seeking to reopen a closed trial record must establish that it failed to adduce the evidence sought to be added notwithstanding its own due diligence).

does not seek to offer the trier of fact a clearer version of evidence already in the record, prior to a decision; it seeks, 16 months after the trial, to offer evidence that it simply failed to offer during the trial. Gibson lends no support to this effort.

Eastwood asserts that it "seeks to herein to supplement the record with documents that "was not in his [sic] possession at the time of trial." Eastwood Motion 3, citing Baker Decl. ¶ 4. In the cited declaration, however, Mr. Baker does not state that these documents were not in Eastwood's possession during the trial. In fact, his statement implies that, with the exception of one document, the proposed new evidence was in his possession, or at least in his custody and control, all along, and that he simply did not locate it until the issuance of the opinion in this case convinced him that it was important to do so. See Baker Decl. ¶ 4. These documents (Baker Decl. Exhibits A, B and C) consist of Mr. Baker's own financial records. The one exception is Baker Decl. Exhibit D. This document appears to be an October 13, 2004 letter from Mr. Pacek on B.P. Financial LLC letterhead, stating that he would have arranged financing for Mr. Baker to prepay the loan in question. Assuming the statements contained in this letter are probative and true, there is no apparent reason why Mr. Pacek could not have testified to the same effect at trial. The October 13, 2004 letter is simply inadmissible hearsay. See Fed. R. Evid. 801, 802.[2]

Eastwood also asserts that "[n]one of the proposed evidence is subject to serious dispute, as to authenticity or otherwise. The evidence undoubtedly would have been admitted at trial

---

[2] In describing the kinds of evidence of capacity to prepay offered by other plaintiffs, the Court included "a commitment letter or correspondence from financial institutions indicating a willingness to provide commercial financing . . . ." 61 Fed. Cl. at 748. A contemporaneous commitment letter or similar correspondence, issued in response to an actual effort to obtain financing, is not necessarily hearsay, because the fact of its issuance may have some probative value apart from the truth of its contents. Mr. Pacek's letter, however, has no relevance independent of the truth of the matter asserted in it. See Fed. R. Evid. 801(c).

without objection had the issue of plaintiff's ability to prepay ever been questioned by defendant." Eastwood Motion 6. This assertion is plainly wrong with respect to the Pacek letter, which, as we have demonstrated, is inadmissible hearsay. In all other respects, the assertion is unfounded. We were not aware of any of the proposed evidence prior to the filing of the motion to reopen the record, and we have not had an opportunity to test the foundation for its purported admissibility or its probative value.[3]

Eastwood argues that accepting the proposed evidence into the record would not prejudice the Government. To support this assertion, Eastwood notes that the Government did not expressly challenge Eastwood's ability to prepay at trial.[4] This is no more an indication of lack of prejudice to the Government, however, than Eastwood's failure to offer evidence of capacity to prepay at trial is an indication of lack of prejudice to Eastwood from the exclusion of such evidence now. Admitting the proposed evidence now would prejudice the Government no less than excluding it would prejudice Eastwood.

Eastwood argues that equity supports accepting the proposed evidence into the record, because the Court acted "sua sponte" in finding that Eastwood failed to meet its burden of proving its capacity to prepay. Eastwood Motion 9. Eastwood appears to mean that the Court unfairly surprised Eastwood by relying upon this failure without its having been brought to Eastwood's

---

[3] "[O]nce the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to litigants." Lussier v. Runyon, 50 F.3d 1103, 1105-06 (1st Cir.1995).

[4] Eastwood makes much of the fact that, during the cross-examination of Eastwood's witness, Robert Baker, the Government did not challenge Eastwood's capacity to prepay its loan. It was not the Government's responsibility, however, to raise on cross-examination what was omitted on direct, or to invite the witness to fill in a gap in the plaintiff's proof.

attention during the trial; that "if this issue had been raised by defendant or the Court at trial, the evidence at issue could have been presented on rebuttal." Id. Neither defendant nor the Court, however, was obligated to remind the plaintiffs of what they had to prove to in order to establish liability and damages. If such evidence "could have been presented on rebuttal," it should have been presented in plaintiffs' case in chief. Further, the need to offer evidence of capacity to prepay in fact did not come as a surprise at all. As this Court noted in its opinion, such evidence was offered with respect to most of the other properties at issue in this case.

Finally, to the extent that the proffered financial records are even potentially admissible, they fail, on their face,to prove that Eastwood had the capacity to prepay. The first record is an Individual Retirement Account statement indicating a value of approximately $456,000 in January 2000. See Baker Decl. Exhibit A. There is no evidence of the tax consequences that would flow from withdrawing all or a major portion of these IRA funds to prepay the loan in question. The second record is described in Mr. Baker's declaration as "a statement of stock holdings for Robert Baker from early 2000," Baker Decl. ¶ 5, but it is not. On its face, it is merely a statement of dividends, indicating payments of dividends totalling $3,972 to two different account numbers with two different taxpayer identification numbers. The document does not state the value of the underlying stock holdings, nor does it state the name of the owner of the accounts. See Baker Decl. Exhibit B. The third record is described in Mr. Baker's declaration as "a financial statement of Robert Baker from March 1999," Baker Decl. ¶ 5, but it is not. On its face, it is a statement of a trust account in the name of Maureen L. Baker; Robert Baker appears on the statement as a trustee. See Baker Decl. Exhibit C. The record is silent about Maureen Baker, and there is no evidence that Robert Baker had the right to withdraw funds from this trust for the purpose of

prepaying the Eastwood loan. In sum, these records do not establish that Mr. Baker or Eastwood could have raised sufficient after-tax funds from Mr. Baker's assets to enable Eastwood to prepay without refinancing, and Eastwood has offered no admissible evidence that it was able to obtain a conventional loan in order to finance prepayment.

CONCLUSION

For the foregoing reasons, the plaintiff Eastwood's motion to supplement the record should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

Filed electronically

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

November 15, 2004