IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES, A Limited Partnership, et al., Plaintiffs, | ) | No. 97-381C & 97-3814C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

## INTRODUCTION

In this Court's Opinion and Order of August 30, 2004, the Court dismissed the claim relating to several of the housing complexes involved in this case, including the complex owned by plaintiff Fox Ridge Phase II ("Fox Ridge"), finding that the trial record was "essentially devoid of any indication that their owners had the capacity to prepay at any point prior to trial." Franconia Associates v. United States, 61 Fed. Cl. 718, 748 (2004). The Court added that "the evidence produced as to the prepayment capacity of the other complexes only serves to highlight the failure of proof as to the four properties in question." Id. Now – 16 months after the trial in this case was concluded and two months after the issuance of the Court's opinion, Fox Ridge seeks to supplement the record with additional evidence to fill this gap in its proof.

Fox Ridge does not contend that this evidence was unavailable prior to or during the trial, or that this evidence could not have been offered at trial for any other reason. Rather, Fox Ridge argues, essentially, that proving its capacity to prepay did not appear necessary until the Court ruled that it was. And, in any event, the proffered new evidence fails, on its face, to prove that Fox Ridge had the capacity to prepay. This is not an appropriate basis for reopening the record for new evidence. Fox Ridge's motion to supplement the record should be denied.

ARGUMENT

Fox Ridge correctly states that "a motion to reopen to submit additional proof is addressed to sound discretion of the court." Fox Ridge Motion 4, citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 331 (1971). Citing decisions from courts of appeals for various circuits (but not the Federal Circuit), Fox Ridge also identifies three of the factors that courts have considered in deciding such motions: the timing of the motion, the nature of the additional evidence, and the potential for prejudice to the nonmoving party. Fox Ridge omits, however, another important factor: the movant's reason for not offering the evidence earlier. See Blinzler v. Marriott Int., Inc., 81 F.3d 1148, 1160 (1st Cir.1996) ("specific factors to be assessed include . . . the proponent's explanation for failing to offer the evidence earlier . . .").

The Federal Circuit, among others, has recognized that a party is ordinarily not entitled to reopen the record to offer evidence that available and could have been offered during the trial. See Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379-1380 (Fed. Cir. 1999) (denial of motion to reopen affirmed where, among other things, "the evidence was not newly discovered by Enzo, and Enzo offers no reason why it did not produce it at trial"). Similarly, other Circuits have recognized that " 'a plaintiff's failure to call available witnesses or produce existing evidence does not ordinarily constitute grounds to reopen a case.'" Gathright v. St. Louis Teacher's Credit Union, 97 F.3d 266, 268 (8th Cir.1996), quoting Wilson v. Good Humor Corp., 757 F.2d 1293, 1300 (D.C. Cir. 1985). "[I]f the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and consider the evidence." Downey v. Denton County, Tex., 119 F.3d 381, 387 (5th Cir. 1997), quoting

Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), reh'g denied, 920 F.2d 259 (1990), cert. denied, 510 U.S. 859 (1993).[1]

Fox Ridge relies heavily upon Gibson v. Mayor and Council of the City and Wilmington, 355 F.3d 215 (3d Cir. 2004). Although the trial court in Gibson reopened the trial record to admit evidence that existed at the time of trial, the evidence was not admitted to fill a gap in a party's proof, or to prove facts that weren't already in evidence. The new evidence consisted of audio tapes of certain telephone conversations. The trial evidence already included videotapes made of an administrative hearing in which the same audio tapes were played. In viewing those videotapes, the jury heard these audio recordings, but their audibility was poor. During jury deliberations, the jury requested the original tapes, and the request was granted. Here, Fox Ridge does not seek to offer the trier of fact a clearer version of evidence already in the record, prior to a decision; it seeks, 16 months after the trial, to offer evidence that it simply failed to offer during the trial. Gibson lends no support to this effort.

Fox Ridge also asserts that "[n]one of the proposed evidence is subject to serious dispute, as to authenticity or otherwise. The evidence undoubtedly would have been admitted at trial

---

[1] See also Continental Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc., 755 F.2d 87, 92 (7th Cir. 1985) (whether plaintiff's delay in offering sales records into evidence was the result of a tactical decision or oversight, trial court did not abuse its discretion in refusing to consider them when belatedly offered at the close of defendants' case); Blytheville Cotton Oil Company v. Kurn, 155 F.2d 467, 470.(6th Cir. 1946) (trial judge did not abuse his discretion in denying motion to reopen case for additional testimony, where motion was not based on newly discovered evidence, and the evidence could have been readily submitted at the trial); Armstrong v. Charlotte County Bd. of County Com'rs, 273 F. Supp.2d 1312, 1316 n.1 (M.D. Fla. 2003) (title VII plaintiff 's request for post-trial hearing to present additional evidence on value of her benefits denied because it was "evidence that should have been introduced during the trial . . . "); Korea First Bank v. Lee, 14 F. Supp. 2d 530, 531 (S.D.N.Y. 1998) (party seeking to reopen a closed trial record must establish that it failed to adduce the evidence sought to be added notwithstanding its own due diligence).

without objection had the issue of plaintiff's ability to prepay ever been questioned by defendant." Fox Ridge Motion 6. This assertion is unfounded. We were unaware of the proposed evidence prior to the filing of the motion to reopen the record, and we have not had an opportunity to test the foundation for its purported admissibility or its probative value.[2]

Fox Ridge argues that accepting the proposed evidence into the record would not prejudice the Government. To support this assertion, Fox Ridge notes that the Government did not expressly challenge Fox Ridge's ability to prepay at trial.[3] This is no more an indication of lack of prejudice to the Government, however, than Fox Ridge's failure to offer evidence of capacity to prepay at trial is an indication of lack of prejudice to Fox Ridge from the exclusion of such evidence now. Admitting the proposed evidence now would prejudice the Government no less than excluding it would prejudice Fox Ridge.

Fox Ridge argues that equity supports accepting the proposed evidence into the record, because the Court acted "sua sponte" in finding that Fox Ridge failed to meet its burden of proving its capacity to prepay. Fox Ridge Motion 8. Fox Ridge appears to mean that the Court unfairly surprised Fox Ridge by relying upon this failure without its having been brought to Fox Ridge's attention during the trial; that "if this issue had been raised by defendant or the Court at trial, the evidence at issue could have been presented on rebuttal." Id. Neither defendant nor the

---

[2] "[O]nce the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to litigants." Lussier v. Runyon, 50 F.3d 1103, 1105-06 (1st Cir.1995).

[3] Fox Ridge makes much of the fact that, during the cross-examination of Fox Ridge's witness, Ronald Powers, the Government did not challenge Fox Ridge's capacity to prepay its loan. It was not the Government's responsibility, however, to raise on cross-examination what was omitted on direct, or to invite the witness to fill in a gap in the plaintiff's proof.

Court, however, was obligated to remind the plaintiffs of what they had to prove to in order to establish liability and damages. If such evidence "could have been presented on rebuttal," it should have been presented in plaintiffs' case in chief. Further, the need to offer evidence of capacity to prepay in fact did not come as a surprise at all. As this Court noted in its opinion, such evidence was offered with respect to most of the other properties at issue in this case.

Finally, the proposed evidence, on its face, falls short of its goal; it does not prove that Fox Ridge had the capacity to prepay. The statement contained in the proffered declaration of Ronald Powers concerning Wachovia Bank's alleged willingness to issue a loan is inadmissible hearsay. See Fed. R. Evid. 801, 802. The exhibits attached to the declaration appear to describe the assets of the Powers family, which Fox Ridge argues exceeded the outstanding loan balance by 1997. But, these exhibits say nothing about the liabilities of the Powers family. Nor do these exhibits address the tax consequences of selling these assets to raise funds for prepayment. And, not all of the family members whose holdings are listed in these exhibits were partners on Fox Ridge II. See Tr. 1163; Powers Decl. ¶ 2. The exhibits do not establish that the partners could have raised sufficient after-tax proceeds from a sale of the referenced assets to enable them to prepay without refinancing, and Fox Ridge has offered no evidence that it was able to obtain a conventional loan in order to finance prepayment.

CONCLUSION

For the foregoing reasons, the plaintiff Fox Ridge's motion to supplement the record should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

Filed electronically

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

November 15, 2004