IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES, A Limited Partnership, et al., | ) | |
| Plaintiffs, | ) | No. 97-381C & 97-38128C (Judge Allegra) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF VALLEY ASSOCIATES' MOTION TO SUPPLEMENT RECORD

## INTRODUCTION

In this Court's Opinion and Order of August 30, 2004, the Court dismissed the claim relating to several of the housing complexes involved in this case, including Rolling Hills Apartments, owned by plaintiff Valley Associates, finding that the trial record was "essentially devoid of any indication that their owners had the capacity to prepay at any point prior to trial." Franconia Associates v. United States, 61 Fed. Cl. 718, 748 (2004). The Court added that "the evidence produced as to the prepayment capacity of the other complexes only serves to highlight the failure of proof as to the four properties in question." Id. Now – 16 months after the trial in this case was concluded and two months after the issuance of the Court's opinion, Valley Associates seeks to supplement the record with additional evidence to fill this gap in its proof.

Valley Associates has failed to demonstrate that the proposed additional evidence – consisting of its partners' financial statements – could not have been retrieved with reasonable effort and offered at trial, or that, even in the absence of these documents, the same purpose could not have been achieved through the partners' testimony at trial. It appears that the Valley Associates simply did not consider proving its capacity to prepay to be worth the effort until the

Court ruled that it was. This is not an appropriate basis for reopening the record for new evidence. And, in any event, the proffered new evidence fails, on its face, to prove that Valley Associates had the capacity to prepay. Valley Associates' motion to supplement the record should be denied.

ARGUMENT

Valley Associates correctly states that "a motion to reopen to submit additional proof is addressed to sound discretion of the court." Valley Associates Motion 4, citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 331 (1971). Citing decisions from courts of appeals for various circuits (but not the Federal Circuit), Valley Associates also identifies three of the factors that courts have considered in deciding such motions: the timing of the motion, the nature of the additional evidence, and the potential for prejudice to the nonmoving party. Valley Associates omits, however, another important factor: the movant's reason for not offering the evidence earlier. See Blinzler v. Marriott Int., Inc., 81 F.3d 1148, 1160 (1st Cir.1996) ("specific factors to be assessed include . . . the proponent's explanation for failing to offer the evidence earlier . . .").

The Federal Circuit, among others, has recognized that a party is ordinarily not entitled to reopen the record to offer evidence that available and could have been offered during the trial. See Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379-1380 (Fed. Cir. 1999) (denial of motion to reopen affirmed where, among other things, "the evidence was not newly discovered by Enzo, and Enzo offers no reason why it did not produce it at trial"). Similarly, other Circuits have recognized that " 'a plaintiff's failure to call available witnesses or produce existing evidence does not ordinarily constitute grounds to reopen a case.'" Gathright v. St. Louis

Teacher's Credit Union, 97 F.3d 266, 268 (8th Cir.1996), quoting Wilson v. Good Humor Corp., 757 F.2d 1293, 1300 (D.C. Cir. 1985). "[I]f the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and consider the evidence." Downey v. Denton County, Tex., 119 F.3d 381, 387 (5th Cir. 1997), quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), reh'g denied, 920 F.2d 259 (1990), cert. denied, 510 U.S. 859 (1993).[1]

Valley Associates relies heavily upon Gibson v. Mayor and Council of the City and Wilmington, 355 F.3d 215 (3d Cir. 2004). Although the trial court in Gibson reopened the trial record to admit evidence that existed at the time of trial, the evidence was not admitted to fill a gap in a party's proof, or to prove facts that weren't already in evidence. The new evidence consisted of audio tapes of certain telephone conversations. The trial evidence already included videotapes made of an administrative hearing in which the same audio tapes were played. In viewing those videotapes, the jury heard these audio recordings, but their audibility was poor. During jury deliberations, the jury requested the original tapes, and the request was granted.

---

[1] See also Continental Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc., 755 F.2d 87, 92 (7th Cir. 1985) (whether plaintiff's delay in offering sales records into evidence was the result of a tactical decision or oversight, trial court did not abuse its discretion in refusing to consider them when belatedly offered at the close of defendants' case); Blytheville Cotton Oil Company v. Kurn, 155 F.2d 467, 470.(6th Cir. 1946) (trial judge did not abuse his discretion in denying motion to reopen case for additional testimony, where motion was not based on newly discovered evidence, and the evidence could have been readily submitted at the trial); Armstrong v. Charlotte County Bd. of County Com'rs, 273 F. Supp.2d 1312, 1316 n.1 (M.D. Fla. 2003) (title VII plaintiff 's request for post-trial hearing to present additional evidence on value of her benefits denied because it was "evidence that should have been introduced during the trial . . . "); Korea First Bank v. Lee, 14 F. Supp. 2d 530, 531 (S.D.N.Y. 1998) (party seeking to reopen a closed trial record must establish that it failed to adduce the evidence sought to be added notwithstanding its own due diligence).

Here, Valley Associates does not seek to offer the trier of fact a clearer version of evidence already in the record, prior to a decision; it seeks, 16 months after the trial, to offer evidence that it simply failed to offer during the trial. Gibson lends no support to this effort.

The proposed additional evidence consists of financial statements of the two partners of Valley Associates, George Vitalis and Dale Sauer. Valley Associates asserts that these documents "were not in plaintiff's possession at the time of trial," Valley Associates Motion 3, but it offers no competent evidence that these documents were not in the possession of the partners. In a supporting declaration, Marge Alden states: "These newly discovered documents were not in my possession, nor in the possession of Mr. Vitalis or Mr. Sauer before now." Alden Decl. ¶ 5. Ms. Alden, however, could not have possessed personal knowledge of whether these documents were in the possession of Mr. Vitalis or Mr. Sauer prior to trial; all she could know about this was what they told her, if anything. And, whatever they may have told her about this is inadmissible hearsay. See Fed. R. Evid. 801, 802. Further, the partners' financial statements purport to have been made by the partners, presumably from their personal knowledge, concerning their financial resources. Even if these documents were truly inaccessible to Valley Associates and the partners at the time of trial, there is no apparent reason why the partners could not have testified at trial concerning their own financial resources. Moreover, it simply strains credulity to suggest that these particular documents were the only existing records reflecting the financial resources of the partners and Valley Associates, and that no bank statements, tax returns, or other financial records were available.

Valley Associates also asserts that "[n]one of the proposed evidence is subject to serious dispute, as to authenticity or otherwise. The evidence undoubtedly would have been admitted at

trial without objection had the issue of plaintiff's ability to prepay ever been questioned by defendant." Valley Associates Motion 6. This assertion is unfounded. We were not aware of any of the proposed evidence prior to the filing of the motion to reopen the record, and we have not had an opportunity to test the foundation for its purported admissibility or its probative value.[2]

Valley Associates argues that accepting the proposed evidence into the record would not prejudice the Government. To support this assertion, Valley Associates notes that the Government did not expressly challenge Valley Associates' ability to prepay at trial.[3] This is no more an indication of lack of prejudice to the Government, however, than Valley Associates' failure to offer evidence of capacity to prepay at trial is an indication of lack of prejudice to Valley Associates from the exclusion of such evidence now. Admitting the proposed evidence now would prejudice the Government no less than excluding it would prejudice Valley Associates.

Valley Associates argues that equity supports accepting the proposed evidence into the record, because the Court acted "sua sponte" in finding that Valley Associates failed to meet its burden of proving its capacity to prepay. Valley Associates Motion 8. Valley Associates appears to mean that the Court unfairly surprised Valley Associates by relying upon this failure without

---

[2] "[O]nce the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to litigants." Lussier v. Runyon, 50 F.3d 1103, 1105-06 (1st Cir.1995).

[3] Valley Associates notes that, during the cross-examination of Mr. Vitalis, we did not challenge Valley Associates' capacity to prepay its loan. It was not the Government's responsibility, however, to raise on cross-examination what was omitted on direct, or to invite the witness to fill in a gap in the plaintiff's proof.

its having been brought to Valley Associates' attention during the trial; that "if this issue had been raised by defendant or the Court at trial, the evidence at issue could have been presented on rebuttal." Id. Neither defendant nor the Court, however, was obligated to remind the plaintiffs of what they had to prove to in order to establish liability and damages. If such evidence "could have been presented on rebuttal," it should have been presented in plaintiffs' case in chief. Further, the need to offer evidence of capacity to prepay in fact did not come as a surprise at all. As this Court noted in its opinion, such evidence was offered with respect to most of the other properties at issue in this case.

Finally, to the extent that the proffered documents are even potentially admissible, they fail, on their face, to prove that Valley Associates had the capacity to prepay, for the following reasons.

The first document appears to be an excerpt of a financial statement of Mr. Sauer, prepared for the purpose of obtaining credit, and describing Mr. Sauer's financial condition as of June 2992. Alden Decl. Exhibit A. The document indicates a net worth of $282,200, including $255,200 in real estate equity (id., p.1); that $120,000 of the real estate equity was in Mr. Sauer's residence and another $98,000 in a Jackson, Minnesota apartment project that appears to be Rolling Hills (id., p.2); and that "Cash on Hand & in Banks" was $1,000" (id., p.1). Mr. Sauer was not likely to have sold or encumbered his home in order to raise funds for prepayment of Valley Associates' FmHA loan, and, if he had sold his interest in Valley Associates, he would no longer have had any interest in financing the prepayment of Valley Associates' loan.

The second document – George Vitalis's "Personal Statement of Financial Condition as of December 31, 1990" (Alden Decl. Exhibit B) – indicates a net worth of $693,400. The assets,

however, consist almost entirely of "equities in real estate partnerships & businesses" (including Valley Associates and other partnerships that are plaintiffs in this case: Franconia Associates and Scenic Valley Associates),[4] land, stock, and personal property. Cash is given as $3,300.

The unpaid balance of Valley Associates' FmHA loan at the end of 1994 was $618,462.87. PX 41. At the times addressed in the proffered financial statements, the balance was greater. (Plaintiffs' expert calculated the balance to be $658,227 in June 1992, and it would have been still greater in 1990.) Te proffered exhibits do not indicate that the partners, individually or collectively, could or would have ever financed prepayment of Valley Associates' loan.

## CONCLUSION

For the foregoing reasons, the plaintiff Valley Associates' motion to supplement the record should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

[4] In a motion similar to this one, filed contemporaneously by plaintiff Scenic Valley Associates, Mr. Vitalis's Personal Statement of Financial Condition as of August 15, 1992 is offered as proof of that plaintiff's capacity to prepay. Most of the assets described by Mr. Vitalis in that statement and in the one filed here are the same. See Plaintiff Scenic Valley Associates' Motion to Supplement Record and Declaration of Allen Maki, Exhibit D. Yet, if Mr. Vitalis's assets had been utilized for prepayment of one plaintiff's loan, the same assets could not then have been reutilized for prepayment of the other plaintiff's loan.

Filed electronically

s/Shalom Brilliant
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

November 15, 2004