IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C<br>(Judge Allegra) |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

Pursuant to RCFC 54(d)(1)(B), defendant respectfully submits the following objections to the bill of costs filed by plaintiffs in this action on June 6, 2005.

ARGUMENT

Rule 54(d) provides that the Court may tax costs in favor of the prevailing party to the extent that such costs are permitted under 28 U.S.C. §§ 1821 and 1920. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden of establishing to the Court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the Court must find that that cost to be a necessary litigation expense and that the amount requested is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993). If there is no explicit allowance in 28 U.S.C. § 1920 for the costs requested, the cost will be disallowed. Servidone Constr. Corp. v. United States, 20 C1.Ct. 725, 732 (1990).

Concerning the manner in which the prevailing party must neet its burden to substantiate the requested costs, Rule 54(d)(1)(A) provides:

> In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and

> authorities supporting the request. Any vouchers, receipts or invoices supporting the cost being requested shall be attached as exhibits.

The rule further states that the bill of costs must be filed "within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)," RCFC 54(d)(1)(A) and that "the failure of a prevailing party to timely file a Bill of Costs shall constitute a waiver of any claim for costs." RCFC 54(d)(1)(D).

Plaintiffs' bill of costs -- in the total amount of $104,500 -- is defective with respect to all of these requirements.

I. The Bill of Costs Is Untimely, at Least in Part

Although the bill of costs states that judgment was entered against the United States on May 5, 2005, it is plain from the record that a series of separate judgments was issued with respect to various separate cases consolidated with the above-captioned case; that some were in favor of the Government; that the judgments against the Government were appealed (except in the lead case, (No. 97-381C) , where the Court, upon reconsideration pursuant to Rule 59, vacated the original judgment and later entered a new judgment which is not yet final); and that the appealed judgments became final upon the issuance by the court of appeals of mandates dismissing these appeals. The record further reflects that, although some of these mandates were issued on or after May 5, 2005, others were issued on May 4, 2005. See mandates in Nos. 97-38119C, 97-38120C, 97-38121C, 97-38122C, 97-38123C, and 97-38125C. With respect to the judgments in the latter cases, the bill of costs is untimely. With respect to the above-captioned lead case, the bill of costs is premature. And, while we assume that plaintiffs' counsel has apportioned the costs between the prevailing and non-prevailing plaintiffs, there is no indication of any further apportionment among plaintiffs. Thus, payment of costs in accordance with the

bill of costs before the Court would involve payment to a group of plaintiffs, some of whom have waived their claim for costs pursuant to RCFC 54(d)(1)(D), and one of whom does not yet possess a ripe claim for costs.

II. The Bill of costs is not supported as required by Rule 54(d)(1)(A)

Plaintiffs' bill of costs was filed contemporaneously with an application for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. That application, which was supported by brief and a statement of time and expenses comprising several hundred pages, was denied by the Court by order dated June 13, 2005. Plaintiffs may have intended the EAJA application and its exhibits to also serve as support for their bill of costs under Rule 54(d)(1), but these documents are not adequate for this purpose.

First, while the brief discusses why the claimed costs and expenses should be treated as recoverable under EAJA, it does not discuss which of the requested costs are recoverable under the narrower scope of 28 U.S.C. §§ 1821, 1920, and RCFC 54(d)(1).

Second, the amounts requested in the bill of costs cannot be traced to the specific costs itemized in the exhibits to the EAJA application. Therefore, the information contained in these exhibits do not provide a basis for determining whether the costs included in the bill of costs are indeed allowable in kind, reasonable in amount, and properly taxable.

Third, plaintiffs have not attached to the bill of costs (or otherwise provided) "vouchers, receipts or invoices supporting the cost being requested," as required by Rule 54(d)(1)(A). Therefore, none of the costs can be substantiated in the manner required by the rule.

Fourth, with respect to the principal component of the $104,500 requested – costs for certification or duplication of papers necessarily obtained for use in the case – plaintiffs do not even provide the information required on the face of the bill of costs form that they utilized,

RCFC Form 4. For this category of costs, the form states: "provide number of copies, total pages and cost per page." Plaintiffs have provided none of this information. Apart from the fact that this amount claimed appears exorbitant on its face, there is simply no way to determine whether these copies were all obtained for a purpose making them taxable,[1] whether the number of copies of any given document or category of documents was reasonable, and whether the method of copying chosen involved a reasonable cost per page.

In sum, plaintiffs have failed to provide information from which the Court can conclude that any of the amounts requested are fully taxable in kind and reasonable in amount.

For the foregoing reasons, defendant objects to plaintiffs' bill of costs in its entirety.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

---

[1] See 10 Wright, Miller & Kane, Federal Practice and Procedure $2677 at 361; 6 Moore's Federal Practice § 54.103[3][d] at 54-191. The cost of copies obtained solely for the convenience of the party or counsel is not taxable. Brumley Estate v. Iowa Beef Processors. Inc., 704 F.2d 1362, 1363 (5th Cir. 1983).

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

July 7, 2005