**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

FRANCONIA ASSOCIATES, a Limited Partnership, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**Case No. 97-381C**
**(and consolidated cases)**
**Judge Francis M. Allegra**

---

**REPLY IN SUPPORT OF BILL OF COSTS**

---

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 305-4444
Facsimile: (612) 305-4439

July 18, 2005

# TABLE OF CONTENTS


**Page**

**TABLE OF AUTHORITIES** .......... ii

**BACKGROUND** .......... 1

**DISCUSSION** .......... 3

I. Plaintiffs' Bill of Costs and Amended Bill of Costs Are Properly Before the Court .......... 3

A. Plaintiffs' Filings Are Timely Because the Applicable Thirty-Day Period Has Not Yet Expired .......... 3

B. The Bill of Costs and Amended Bill of Costs Are Ripe as to Plaintiff Franconia Associates .......... 6

II. Plaintiffs Are Entitled to Recover the Taxable Costs Incurred in Pursuing their Claims .......... 7

A. Plaintiffs Have Provided Sufficient Support Pursuant to Rule 54 .......... 7

B. The Costs Claimed By Plaintiffs Are Recoverable .......... 8

*1. Fees of the Clerk* .......... 8

*2. Fees of the Reporter* .......... 9

*3. Witness Fees* .......... 9

*4. Copying Costs* .......... 10

*5. Costs Incident to Taking of Depositions* .......... 10

*6. Costs Pursuant to FRAP 39(e)* .......... 10

**CONCLUSION** .......... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alonso v Union Oil Co.*, 71 F.R.D. 523 (S.D.N.Y. 1976)........................................ 9

*Baldi Bros. Constructors v. United States*, 52 Fed. Cl. 78 (2002)............................ 8

*Catlin v. United States*, 324 U.S. 229 (1945)......................................................... 3

*Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000)........................................ 8

*Dubinsky v. United States*, 44 Fed. Cl. 360 (1999).................................................. 9, 10

*Global NAPS, Inc. v. Verizon New Eng., Inc.*, 396 F.3d 16 (1st Cir. 2005) ............. 5

*Gonzalez v. United States*, 44 Fed. Cl. 764 (1999).................................................. 6

*Hurtado v. United States*, 410 U.S. 578 (1973)....................................................... 9

*Jackson Jordan, Inc. v. Plasser Am. Corp.*, 725 F.2d 1373 (Fed. Cir. 1984)........... 5

*KMS Fusion v. United States*, 39 Fed. Cl. 593 (1997)............................................. 7

*Linneman Constr., Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365 (8th Cir. 1974)................................................................................................. 9

*Marathon Oil Co. v. United States*, 374 F.3d 1123 (Fed. Cir. 2004)........................ 3

*McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983)........................................... 6

*Melkonyan v. Sullivan*, 501 U.S. 89 (1991)............................................................ 6

*Oliveira v. United States*, 827 F.2d 735 (Fed. Cir. 1987)........................................ 7

*O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975 (7th Cir. 2000)........................ 8

*PCI/RCI v. United States*, 37 Fed. Cl. 785 (1997).................................................. 7

*Phillips v. Heine*, 984 F.2d 489 (D.C. Cir. 1993).................................................... 5

*Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed. Cir. 1996)......................................... 4

*Trilogy Communs., Inc. v. Times Fiber Communs., Inc.*, 109 F.3d 739 (Fed. Cir. 1997) ........ 4

*United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214 (D.C. Cir. 2003) ........ 5

**Statutes, Legislative Materials and Rules**

28 U.S.C. § 1821 ........ 9

28 U.S.C. § 1920 ........ *passim*

28 U.S.C. § 2412 ........ *passim*

MCH.R. Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980) ........ 6

Fed. R. Civ. P. 54(b) ........ 5, 7

FRAP 39(e) ........ 11

RCFC 54(d) ........ *passim*

**Other Materials**

Black's Law Dictionary 847 (7th ed. 1999) ........ 3

9 James W. Moore, Moore’s Federal Practice P 110.08[1] (1996) ........ 4

10 Wright & Miller § 2676 ........ 10

10 Wright & Miller § 2677 ........ 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FRANCONIA ASSOCIATES,
a Limited Partnership, et al.,

Plaintiffs,

**Case No. 97-381C**
**(and consolidated cases)**

v.

**Judge Francis M. Allegra**

THE UNITED STATES

Defendant.

**REPLY IN SUPPORT OF BILL OF COSTS**

Plaintiffs in the consolidated *Franconia* case filed a Bill of Costs, as well as a Motion for Attorneys' Fees, Expenses and Costs Under the Equal Access to Justice Act, on June 6, 2005. Defendant filed an objection thereto on July 7, 2005, requesting that plaintiffs be prohibited from recovering any of the costs they incurred through the course of this litigation. However, plaintiffs' request for costs under 28 U.S.C. § 2412(a)(1) was filed in a timely manner and was sufficiently supported by the materials submitted. Indeed, the thirty-day time period under Rule 54(d)(1) within which a plaintiff may file a Bill of Costs has not yet expired because the last judgment in this consolidated action was issued on June 14, 2005 and therefore remains subject to appeal. In addition, plaintiffs are submitting herewith an Amended Bill of Costs and supporting materials that remove any doubt as to plaintiffs' entitlement to the costs they seek.

**BACKGROUND**

Plaintiffs filed this action on May 30, 1997. The case presented the claims of thirty-one plaintiffs, but was treated as a unified matter by the Court of Federal Claims from its inception and then through appeals to the Federal Circuit and the Supreme Court. The case was then tried in Des Moines, Iowa from June 16, 2003 through June 26, 2003, again as a single consolidated

matter. At trial, plaintiffs introduced over 800 exhibits and presented the testimony of seventeen fact and expert witnesses. Three of plaintiffs' key witnesses – Dr. George Karvel, Mr. Donald Gorowsky, and Mr. Dean Greenwalt – are not parties to the case.

After the trial and post-trial briefing were completed, the Court ordered the Clerk to sever the *Franconia* plaintiffs, issue new case numbers, and consolidate the severed claims back together. *See* Order of July 16, 2004. In consolidating the claims of all plaintiffs, this Court held that "these newly-created cases shall be *consolidated for all purposes*, unless otherwise ordered by the Court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by this court." *Id*., slip op. at 4 (emphasis added); *see also id*., slip op. at 3 (finding that "principles of judicial economy suggest that severance, rather than dismissal, be ordered if a particular judge has invested considerable time in the case and intends, therefore, to continue to control the resolution of the entire set of cases"). Judgments were then issued on December 30 and 31, 2004.

The government then filed separate appeals of twenty-four of the twenty-five judgments that were entered in favor of the plaintiffs who recovered damages. Defendant later moved to dismiss each of the appeals, and the Federal Circuit issued mandates dismissing each appeal over a period of three days, from May 4, 2005 through May 6, 2005. *See* Orders of Federal Circuit dated May 4, May 5, and May 6, 2005. Defendant has not, as of this time, appealed the judgment entered in favor of the lead plaintiff, Franconia Associates. Instead, defendant filed a post-judgment motion on January 3, 2005 seeking reconsideration of the Court's ruling with respect to that plaintiff. The Court ultimately granted defendant's motion and recently issued a judgment dated June 14, 2005 awarding damages to Franconia Associates based upon revised damages figures.

On June 6, 2005, prior to the issuance of this last judgment, plaintiffs filed a Bill of Costs and a Motion for Attorneys' Fees, Expenses and Costs Under the Equal Access to Justice Act ("Fee Petition") under the consolidated *Franconia* caption. The Fee Petition referenced the Bill of Costs numerous times and noted that if the Court granted the Bill of Costs, the amount awarded under the Fee Petition should be reduced by a commensurate amount. *See* Fee Petition at 2, 13, & 24 n.14. In an Order dated June 13, 2005, the Court denied plaintiffs' Fee Petition but stated that "[c]osts in this case are awardable, as appropriate, under 28 U.S.C. § 2412(a)(1)."

## DISCUSSION

### I. Plaintiffs' Bill of Costs and Amended Bill of Costs Are Properly Before the Court.

#### A. Plaintiffs' Filings Are Timely Because the Applicable Thirty-Day Period Has Not Yet Expired.

The Court has the discretion to award costs to "the prevailing party to the extent permitted by law." *See* Rule 54(d) of the Rules of the United States Court of Federal Claims ("RCFC"). To recover such costs, the prevailing party must file a Bill of Costs "within thirty days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)." RCFC 54(d)(1)(A). The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in turn, defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G); *accord Marathon Oil Co. v. United States*, 374 F.3d 1123, 1128 (Fed. Cir. 2004) ("A final judgment is '[a] court's last action that settles the rights of the parties and disposes of all issues in controversy'") (citing Black's Law Dictionary 847 (7th ed. 1999) and *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Thus, the relevant question here is when the thirty-day time period for filing a Bill of Costs in these consolidated cases began to run.

RCFC 54(b) provides the relevant framework for analyzing "judgments" in consolidated cases that include multiple claims and parties.[1] The rule reads, in pertinent part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

RCFC 54(b). Significantly the rule further states:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties ***shall not terminate the action as to any of the claims or parties*** [and is subject to revision] any time before the entry of judgment adjudicating all the claims and rights and liabilities of the parties.

*Id*. (emphasis added). Thus, in the absence of a Rule 54 certification, the rule makes clear that a consolidated action is not terminated unless and until the claims of all parties have been finally resolved.

Applying this standard, the Federal Circuit held that where a trial court's order in a consolidated case does not dispose of the entire matter, an "appeal is not proper until there is a final judgment disposing of all aspects of the consolidated case." *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1382 (Fed. Cir. 1996). In other words, the Court held that "there is no final decision [in a consolidated case] until a judgment is entered adjudicating all of the claims." *Id*. at 1379 (citing 9 James W. Moore, Moore's Federal Practice P 110.08[1], p. 45 (1996)); *see also Trilogy Communs., Inc. v. Times Fiber Communs., Inc.*, 109 F.3d 739 (Fed. Cir. 1997) (refusing to

---

[1] All references as to what constitutes a "judgment" under Rule 54 must be read *in pari materia*. Thus, the determination of when a judgment in a consolidated case can be appealed under Rule 54(b) is relevant to determining when the thirty-day period for filing a bill of costs begins to run under Rule 54(d).

decide issues that were outside of trial court's 54(b) certification).[2] The Federal Circuit thus "reject[ed] the notion that the actions were separate in the sense that separate appeal times ran for each portion of the consolidated case." *Id*. (discussing *Jackson Jordan, Inc. v. Plasser Am. Corp.*, 725 F.2d 1373 (Fed. Cir. 1984)); *accord Phillips v. Heine*, 984 F.2d 489, 490 (D.C. Cir. 1993) (holding that in a fully consolidated case, "an order disposing of only one party's claim does not start the time for an appeal in the absence of an order under Fed. R. Civ. P. 54(b)."). This rule-based treatment of consolidated cases approved by the Federal Circuit dictates that any time periods that begin upon the issuance of a "judgment" do not begin to run until *all* claims in the consolidated case have reached judgment.[3]

Thus, under Rule 54 and applicable case law, this consolidated case must be treated as a unified whole for procedural purposes and cannot be deemed terminated until the claims of all plaintiffs have reached final judgment. As explained above, the last judgment handed down in this case was issued on June 14, 2005 on behalf of the lead plaintiff, Franconia Associates. Accordingly, the deadline for plaintiffs to file a Bill of Costs will not expire until thirty days after that last judgment becomes non-appealable. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G); *cf.*

---

[2] The court supported its interpretation of Rule 54 by reasoning that (1) the court "in other contexts treated consolidated actions as one unit for jurisdictional purposes," (2) "a case-by-case approach . . . causes premature appeals," while the approach adopted by the court "avoids unnecessary piecemeal review," and (3) "appellate review of the total consolidated case serves the purposes of appellate efficiency." *Id*. at 1382.

[3] Some circuits will treat all actions in a consolidated case as one unit only if the consolidation is expressly "for all purposes" involved in the litigation. *See e.g.*, *Global NAPS, Inc. v. Verizon New Eng., Inc.*, 396 F.3d 16, 22 (1st Cir. 2005) ("The disposition of one case in a consolidated action is a final and appealable judgment unless the cases were consolidated 'for all purposes.'") (citation omitted); *accord United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216 (D.C. Cir. 2003) ("We have held that when a district court consolidates cases and treats them as such 'for all purposes,' an order deciding fewer than all the claims of all the parties cannot be appealed without a Rule 54(b) certification."). Thus, the Court's Order in this case consolidating plaintiffs' claims "for all purposes" would satisfy even the more stringent test applied by these courts.

*Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). As a result, plaintiffs' original Bill of Costs, as well as the Amended Bill of Costs being submitted this date, were filed in a timely manner.

**B. The Bill of Costs and Amended Bill of Costs Are Ripe as to Plaintiff Franconia Associates.**

After asserting that the Bill of Costs was filed too late as to certain plaintiffs,[4] defendant argues that it was simultaneously "premature" with regard to the lead plaintiff, Franconia Associates. Defendant, however, misreads the statute. While a party is not *required* to submit a Bill of Costs until after final judgment, the rule does not *prohibit* a prevailing party from doing so earlier. *Gonzalez v. United States*, 44 Fed. Cl. 764, 767 (1999) ("Contrary to the government's position, the court does not find that plaintiff's EAJA petition must be denied solely because it was filed prior to the court's entry of final judgment…. Rather, after reviewing EAJA's legislative history and the relevant case law, the court concludes that EAJA's final judgment clause is better viewed as prescribing only a final deadline for the filing of an EAJA petition, not a window within which an EAJA petition must be filed."). As Judge Posner wrote, "[t]he legislative history indicates and the government concedes that the 30-day provision in the Act was meant to establish a deadline, not a starting point." *McDonald v. Schweiker*, 726 F.2d 311, 314 (7th Cir. 1983) (citing MCH.R. Rep. No. 1418, 96th Cong., 2d Sess. 18 (1980)). Thus, the Bill of Costs is ripe as to all plaintiffs, particularly in light of the fact that a judgment has now been entered in all of the consolidated cases.

---

[4] Defendant asserts that plaintiffs' submission is untimely as to only six of the twenty-five prevailing parties in this case. Thus, even assuming that defendant were correct, this would result in only a 24% reduction in the costs claimed.

**II. Plaintiffs Are Entitled to Recover the Taxable Costs Incurred in Pursuing their Claims.**

Plaintiffs, as prevailing parties in this consolidated case, are entitled to recover the costs they incurred through the course of the litigation. *See* 28 U.S.C. § 2412(a); RCFC 54(d)(1); *see also* 28 U.S.C. § 1920 (identifying recoverable costs). Defendant does not dispute that plaintiffs qualify as prevailing parties under the relevant statute. *See* 28 U.S.C. § 2412(d)(2)(B),(H); RCFC 54(d)(1). As a result, plaintiffs indisputably are permitted to recover the costs identified in the relevant statute. *See* 28 U.S.C. § 1920.

**A. Plaintiffs Have Provided Sufficient Support Pursuant to Rule 54(d).**

Defendant asserts that plaintiffs have not sufficiently supported their claim for costs under 28 U.S.C. § 2412(a)(1). However, plaintiffs submitted their Bill of Costs together with their Fee Petition, which attached hundreds of pages of detailed information supporting the costs claimed. Significantly, all of the costs requested in plaintiffs' Bill of Costs are detailed in the attachments to the Fee Petition. *See* Eckland Aff. (filed in support of Fee Petition), ¶ 9 & Ex. B. In addition, as noted above, the Fee Petition referenced the Bill of Costs and made clear that the costs claimed under the former were duplicative of the costs claimed under the latter, such that if the Bill of Costs were granted, the Fee Petition would have to be reduced by a corresponding amount. Thus, plaintiffs' original Bill of Costs was sufficiently supported to entitle plaintiffs to recovery of the costs claimed. *See PCI/RCI v. United States*, 37 Fed. Cl. 785, 791 (1997) ("When evaluating a claim for expenses, the 'quantum and method of proof of each allowable expense is discretionary with the trial court.'") (quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987)); *KMS Fusion v. United States*, 39 Fed. Cl. 593, 606 (1997).

In any event, plaintiffs are submitting herewith an Amended Bill of Costs that extinguishes any doubt as to the adequacy of the support plaintiffs have provided for the costs

claimed. The Amended Bill of Costs is supported by the Declaration of Jeff H. Eckland, attorney of record for plaintiffs, which in turn attaches hundreds of pages of spreadsheets, invoices, receipts, and other materials demonstrating plaintiffs' entitlement to the costs claimed. Thus, the Amended Bill of Costs, which plaintiffs are entitled to submit in response to defendant's objection, addresses any perceived deficiencies in plaintiffs' original filing. *See Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000) (awarding costs based on amended bill of costs filed after objection to original bill of costs); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975 (7th Cir. 2000) (trial court did not abuse discretion in accepting amended bill of costs). *Cf. Baldi Bros. Constructors v. United States*, 52 Fed. Cl. 78, 88 (2002) ("Plaintiff had an opportunity to reply to defendant's argument and either produce actual receipts or explain the nature of the hotel charges.").[5]

**B. The Costs Claimed By Plaintiffs Are Recoverable.**

The costs to which plaintiffs are entitled are set forth below according to categories listed in 28 U.S.C. § 1920. *See also* 28 U.S.C. § 2412; RCFC 54(d). Each of the amounts claimed are supported by the Declaration of Jeff H. Eckland and its accompanying exhibits, which are being submitted contemporaneously herewith, as well as the detailed information submitted in support of plaintiffs' Fee Petition.

*1. Fees of the Clerk*

A prevailing party may recover the "fees of the clerk and marshal." 28 U.S.C. § 1920(1). In this matter, plaintiffs have incurred $120 in necessary filing fees paid to the Clerk of Court. *See* Eckland Declaration ¶ 3.

---

[5] Moreover, plaintiffs' Amended Bill of Costs is timely because, as explained above, the time period within which plaintiffs may file a Bill of Costs has not yet expired. *See* Part I.A, *supra*.

*2. Fees of the Reporter*

A prevailing party may recover the "fees the reporter for all or any part of the trial or hearing transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Section 1920(2) is broad enough to allow the taxation of not only the complete trial transcript but any portion of it that meets the statutory standard. . . Furthermore, courts have allowed the taxation of the cost of transcripts of a pretrial conference or hearing, as well as a transcript of post-trial arguments." 10 Wright & Miller § 2677 at 444-48. In this matter, plaintiffs have incurred $24,892.65 in fees for transcripts that were needed in this case. *See* Eckland Declaration ¶ 4.

*3. Witness Fees*

A prevailing party may recover "fees and disbursements . . . for witnesses" pursuant to 28 U.S.C. § 1920(3). Plaintiffs are also entitled to a statutory witness fee for non-party witnesses of $40 per day of attendance under 28 U.S.C. § 1821. Under the statute, plaintiffs may recover "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance." 28 U.S.C. § 1821(b). In addition, plaintiffs are entitled to the statutory fees for days when the witness is available to testify in a deposition or at trial, as well as days when the witness is necessarily present at trial. *Hurtado v. United States*, 410 U.S. 578, 584-585 (1973) ("the statute [28 U.S.C. § 1821] reaches those witnesses who have been summoned and are in necessary attendance on the court, in readiness to testify . . . whether he waits in a witness room, a prosecutor's office, a hotel room, or the jail, he is still available to testify, and it is that availability that the statute compensates.").[6] In this case, the disbursements for witnesses equal

[6] *See also Linneman Constr., Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365 (8th Cir. 1974) ("We intimate no disagreement with the general rule that witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial.") (citations omitted); *Alonso v Union Oil Co.*, 71 FRD 523, 525 (S.D.N.Y. 1976) ("as long as the taking of the deposition appeared to be reasonably necessary at

$4,829.63 and the statutory *per diem* witnesses fees equal $1,080, for a total recovery of $5,909.63. *See* Eckland Declaration ¶ 5.

*4. Copying Costs*

A prevailing party may recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). While the Court's Bill of Costs form and the appendix to the Court's rules serve as "useful guidance," the statute "permits recovery of [copy and duplication] expenses 'necessarily obtained for use in the case.'" *Dubinsky v. United States*, 44 Fed. Cl. 360, 363 (1999) (citing 28 U.S.C. § 1920(4)). In this matter, plaintiffs have incurred $47,131.52 in costs for copies and duplication of materials. *See* Eckland Declaration ¶ 6. While defendant claims that these expenses are "exorbitant," defendant fails to appreciate the fact that this case has encompassed eight years of litigation, including appeals to the Federal Circuit and the Supreme Court and a two-week trial in which plaintiffs presented the claims of twenty-five prevailing parties and introduced over 800 exhibits. Thus, the copying costs claimed by plaintiffs are reasonable and well-supported by the evidence.

*5. Costs Incident to Taking of Depositions*

Plaintiffs are also entitled to recover expenses related to the taking of depositions, including the cost of deposition transcripts. 10 Wright & Miller § 2676. In this case, the total amount incurred for costs incident to depositions is $10,102.49. *See* Eckland Declaration ¶ 7.

*6. Costs Pursuant to FRAP 39(e)*

A prevailing party may recover costs for the preparation and transmission of the record, the reporter's transcript, premiums paid for a supersedeas bond or other bond to preserve rights

---

the time it was taken, [even though no part of deposition was read into the record] it is within the court's discretion to allow taxation of its costs").

pending appeal, and the fee for filing the notice of appeal. FRAP 39(e). In this matter, plaintiffs have incurred $105 in costs pursuant to FRAP 39(e). *See* Eckland Declaration ¶ 8.

**CONCLUSION**

Plaintiffs' Bill of Costs and Amended Bill of Costs were filed in a timely manner and were supported by voluminous documentation demonstrating the reasonableness of the costs claimed. Accordingly, plaintiffs request that the Court award plaintiffs costs in the total amount of $88,261.29 pursuant to 28 U.S.C. § 2412(a)(1).

Respectfully Submitted,

Dated: July 18, 2005

**s/Jeff H. Eckland**

**Filed Electronically**

Jeff. H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: 612-305-4444
Facsimile: 612-305-4439