**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

FRANCONIA ASSOCIATES,
a Limited Partnership, et al.,

Plaintiffs,

**Case No. 97-381C**
**(and consolidated cases)**

v.

**Judge Francis M. Allegra**

THE UNITED STATES

Defendant.

---

**DECLARATION OF JEFF H. ECKLAND**

I, Jeff H. Eckland, declare as follows:

1. I am a partner with the law firm of Eckland & Blando LLP in Minneapolis, Minnesota. I am the attorney of record for the plaintiffs in this action and have been the attorney of record at all times during the pendancy of this action.

2. I make this declaration in support of plaintiffs' Bill of Costs and Amended Bill of Costs made pursuant to 28 U.S.C. § 2412(a)(1), and RCFC 54(d)(1). All facts stated herein are based upon my personal knowledge.

3. The total amount of costs recoverable as *Fees of the Clerk*, as shown on the spreadsheet and supporting documentation attached hereto as Exhibit A, is $120.

4. The total amount of costs recoverable as *Fees of the Reporter* for trial and hearing transcripts necessarily obtained for use in this case, as shown on the spreadsheet and supporting documentation attached hereto as Exhibit B, is $24,892.65.

5. The amount claimed for *Fees for Witnesses* includes both (1) out of pocket expenses (such as travel, meals and lodging) incurred for witnesses who were not parties to this

action and (2) the $40 per day statutory fee for attendance of witnesses who were not parties to this action. *See* 28 U.S.C. § 1821. There were three witnesses in this case who were deposed and testified at trial but were not parties to this action or representatives of parties: Dr. George Karvel (expert witness on damages), Mr. Donald Gorowsky (expert witness on damages), and Mr. Dean Greenwalt (fact witness). Dr. Karvel was deposed twice in this case and attended all nine days of the trial, having taken the stand four times during that time, for a total of thirteen days of attendance (including two travel days). Mr. Gorowsky was deposed once and attended at least six days of the trial, having taken the stand four times during that period, for a total of nine days of attendance (including two travel days). Mr. Greenwalt was deposed once and attended two days of the trial, having testified once, for a total of five days of attendance (including two travel days). Thus, the total amount recoverable as statutory attendance fees for non-party witnesses totals $1,080 (27 days x $40 per day). In addition, the out of pocket expenses incurred by these three witnesses totaled $4,829.63. Adding these figures together, the total amount of costs recoverable under this category, as shown on the spreadsheet and supporting documentation attached hereto as Exhibit C, is $5,909.63.

6. The total amount recoverable as costs for *Duplication of Papers* necessarily obtained for use in this case, as shown on the spreadsheet and supporting documentation attached hereto as Exhibit D, is $47,131.52. As explained in the affidavit I submitted in support of plaintiffs' Motion for Attorneys' Fees, Costs and Expenses under the Equal Access to Justice Act (filed on June 6, 2005), the costs incurred in connection with this matter, including many of the photocopying costs, were allocated among a group of plaintiffs in several related lawsuits. *See* Eckland Aff. ¶ 7; *see also id.* Ex. B (listing all copying expenses claimed herein). Thus, for copying expenses that were directly attributable to the *Franconia* case, I have included the entire

amount incurred. For copying expenses that could not clearly be allocated to one particular case, I attributed only a percentage of the cost based on the number of prevailing parties in *Franconia* as compared to the total number of plaintiffs in all of the related matters. In addition, my practice throughout the course of this litigation was that I did not order more than five copies of any document, unless I was required by applicable Court rules to file and serve more than five copies of a given document (*e.g.*, for the filing of briefs with the Federal Circuit and the Supreme Court).

7. The total amount recoverable as *Costs Incident to Taking of Depositions*, as shown on the spreadsheet and supporting documentation attached hereto as Exhibit E, is $10,102.49.

8. The total amount recoverable as *Costs pursuant to FRAP 39(e)*, as shown on the spreadsheet attached hereto as Exhibit F, is $105.

9. In preparing plaintiffs' Bill of Costs and Amended Bill of Costs, I conducted a detailed review of the relevant receipts, invoices, and other documentation to arrive at a fair and accurate determination as to the total amount of recoverable costs. Further, in assessing the total amount of recoverable costs, I exercised billing judgment and ensured that the amounts claimed are not excessive, redundant, or otherwise unnecessary.

10. In addition, I was careful to include only costs fairly allocable to the prevailing parties in the *Franconia* case. Thus, expenses directly attributable to the plaintiffs who did not recover damages have been excluded.

11. Based on the foregoing, the total amount of costs recoverable by plaintiffs under 28 U.S.C. § 2412(a)(1) is $88,261.29.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2005 in Hennepin County, Minnesota.

Jeff H. Eckland