IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCONIA ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 97-381C<br>and consolidated cases<br>(Judge Allegra) |

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' AMENDED BILL OF COSTS

Pursuant to RCFC 54(d)(1)(B), defendant respectfully submits the following objections to the amended bill of costs filed by plaintiffs in this action on July 18, 2005.

INTRODUCTION

Plaintiffs originally filed a bill of costs on June 6, 2005, in the total amount of $104,500. The Government objected to that bill of costs in its entirety, upon the grounds that it was not supported as required by Rule 54(d)(1)(A), and that it was untimely, at least in part. On July 18, 2005, plaintiffs filed a reply to our objections, as well as an amended bill of costs in the amount of $88,261.29.

With respect to the amounts claimed in the amended bill of costs, plaintiffs have provided some additional explanation and documentation to justify these amounts. This additional material, however, still does not provide information sufficient to demonstrate the taxability of most of the costs claimed; and, concerning the costs for which there is adequate information, this information confirms that, for the most part, these costs are not taxable.

With respect to timeliness, plaintiffs argue that the judgments entered in this case did not become final – and the time for filing a bill of costs did not begin to run – until judgment had been entered in all of these consolidated cases. Although plaintiffs correctly state the general rule concerning the finality of judgments in consolidated cases, the authority establishing this rule does not address circumstances of the kind involved here. Given the terms of the

consolidation of these cases, and the terms upon which the Court directed entry of these judgments, each judgment should be treated as independent for the purpose of determining finality, and plaintiffs' bill of costs should be denied as untimely for six of the cases in question.

Accordingly, any costs that the Court determines to be taxable should be reduced in proportion to the number of plaintiffs in these consolidated cases who are not entitled to recover costs – not only the plaintiffs whose claims were dismissed, but also the prevailing plaintiffs for whom the bill of costs is untimely.

## ARGUMENT

Rule 54(d) provides that the Court may tax costs in favor of the prevailing party to the extent that such costs are permitted under 28 U.S.C. §§ 1821 and 1920. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden of establishing to the Court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the Court must find that that cost to be a necessary litigation expense and that the amount requested is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993). If there is no explicit allowance in 28 U.S.C. § 1920 for the costs requested, the cost will be disallowed. Servidone Constr. Corp. v. United States, 20 C1.Ct. 725, 732 (1990).

Concerning the manner in which the prevailing party must neet its burden to substantiate the requested costs, Rule 54(d)(1)(A) provides:

> In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request. Any vouchers, receipts or invoices supporting the cost being requested shall be attached as exhibits.

The rule further states that the bill of costs must be filed "within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)," RCFC 54(d)(1)(A), and that "the failure of a prevailing party to timely file a Bill of Costs shall constitute a waiver of any claim for costs."

RCFC 54(d)(1)(D). "Final judgment" is defined in 28 U.S.C. § 2412(d)(2)(G) as "a judgment that is final and unappealable . . . ."

Plaintiffs' amended bill of costs is defective with respect to all of these requirements.

## I. Most of the Requested Costs Are Either Not Supported as Required by Rule 54(d)(1)(A) or Are Plainly Unallowable

Plaintiffs' original bill of costs was filed contemporaneously with an application for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. That application, which was supported by brief and a statement of time and expenses comprising several hundred pages, was denied by the Court by order dated June 13, 2005. Plaintiffs may have intended the EAJA application and its exhibits to also serve as support for their bill of costs under Rule 54(d)(1), but, as we demonstrated in our objections to the original bill of costs, these documents are not adequate for this purpose. In particular, while the brief in support of plaintiffs' EAJA application discussed why the claimed costs and expenses should be treated as recoverable under EAJA, it did not discuss which of the requested costs, if any, were recoverable under the narrower scope of 28 U.S.C. §§ 1821, 1920, and RCFC 54(d)(1). Further, the amounts requested in the original bill of costs could not be traced to the specific costs itemized in the exhibits to the EAJA application; thus, the information contained in these exhibits did not provide a basis for determining whether the costs included in the bill of costs were indeed allowable in kind, reasonable in amount, and properly taxable. Nor did plaintiffs attach to the bill of costs, or otherwise provide, "vouchers, receipts or invoices supporting the cost being requested," as required by Rule 54(d)(1)(A). Thus, there was simply no way to determine whether any of these costs were taxable.

The papers that plaintiffs submitted with their amended bill of costs on July 18, 2005, eliminate some of the deficiencies but add new ones. Further, the disparities between the amounts claimed in the original and amended bills of costs within each cost category are so great

that they call into question the reliability of the methodology underlying both bills of costs. Nevertheless, some of the costs plaintiffs now request appear taxable. Most, however, do not, and should be denied. The requested costs are discussed below, according to the specific cost categories contained in RCFC Form 4.

Fees of the clerk: Plaintiffs originally requested $830 for these costs, but now request only $120. We do not dispute the latter amount.

Fees of the reporter for all or any part of the trial or hearing transcript necessarily obtained for use in the case: Plaintiffs originally requested $10,734 for these costs, but now request $24,892.65. Plaintiffs' exhibits indicate that, of this amount, $24,500 was paid for the trial transcript. Plaintiffs' Reply, Exhibit B, Bates No. TAGFBO26_000711. The exhibits also indicate, however, that this amount included the cost not only of the transcript, at $7.50 per page for 2,700 pages, but also $5,400 for disks and condensed transcripts, as well as additional amounts for overnight delivery or similar services. The latter items are not taxable.[1] Further, the trial transcript was actually only 2,215 pages long, not 2,700. The costs in this category should be reduced, therefore, by at least $9,038.

Fees for witnesses: Plaintiffs originally claimed nothing in this category. Now they request $5,909.63. Only a small portion of this amount, however, is taxable. As stated in the Declaration of Jeff H. Eckland, dated July 18, 2005 ("Eckland Decl."), $1,080 of this amount is for statutory attendance fees, and $4,829.65 is for the witnesses' "out of pocket expenses." Id., ¶

[1] The taxation of transcript costs under 28 U.S.C. § 1920(2) is limited to the costs of the original and one copy of the transcript. Krouse v. American Sterilizer Co., 928 F. Supp. 543, 545 (W.D. Pa. 1996); Nugget Distributors Cooperative of America v. Mr. Nugget, 145 F.R.D. 54, 58 (E.D. Pa. 1992). Where the original transcripts are filed with the court, the taxation of costs for transcripts is limited to the expense of a single copy. The cost of additional copies, and of computer disks and condensed copies, is not allowable because these copies are considered to have been obtained for the convenience of counsel. See Fields v. General Motors Corp., 171 F.R.D. 234 (1997). Regarding overnight delivery, see M.A. Mortenson Company v. United States, No. 90-390C (Fed. Cl.), taxation of costs filed December 3, 2003, and cases cited therein at 3, n.2.

5. The amount sought for attendance fees, however, is based not merely upon the days on which the witnesses testified or on which their presence was otherwise necessary, but upon all of the days during which the witnesses happened to be in the courtroom. Id. Similarly, the other claimed expenses appear to include hotel and food costs for days in which witnesses attended the trial for convenience rather than to testify.[2] And, the amounts claimed for these costs and for travel appear to far exceed the subsistence and travel allowances prescribed in 28 U.S.C. § 1821(c) and (d).

Costs for certification or duplication of papers necessarily obtained for use in the case: Plaintiffs originally requested $75,958 for these costs, but now request $47,131.52. Although plaintiffs have provided additional documentation to support the latter request, they have still not provided the "number of copies, total pages and cost per page," as required on the face of RCFC Form 4. This information can be extracted from invoices contained in plaintiffs' exhibits, but only with respect to several items representing a very small fraction of the amount claimed. And, these invoices indicate that the copies in question substantially exceeded number of copies necessarily obtained for use in the case. See Plaintiffs' Reply, Exhibit D, Bates Nos. TAGFBO26_000012 ($811 for 42 copies of a petition for rehearing); 000195 ($1,043 for 22 copies of appellants' brief and 26 copies of an appendix which was "cancelled" and "returned to client"); 000299 ($290 for 11 copies of a reply brief in support of motion for summary judgment); 000305 ($375 for 11 copies of a motion for summary judgment);[3] 000677 ($420 for

[2] Thus, for one witness, who attended all nine days of trial, plaintiffs seek a total of $520 for witness fees and $1,758 for hotel expenses. Plaintiffs' Reply, Exhibit C, pp.1, 16.

[3] The invoices submitted by plaintiffs also include one dated March 18, 1999, in the amount of $297, for ten copies of another motion for summary judgment. Id. at TAGFBO26_000237. However, nothing on the face of that invoice indicates that it pertains to this cases, and the docket in this case reflects that plaintiffs did not file a motion for summary judgment in this case in 1999.

25 copies of a reply brief in support of petition); and 000574 ($845 for 63 copies of petitioners' reply brief).

The number of copies described in these invoices far exceed the number of copies that the applicable court rules require for the briefs identified in the invoices. A substantial portion of these copies was plainly obtained solely for the convenience of the plaintiffs or their attorneys. The cost of copies obtained solely for the convenience of the party or counsel, however, is not taxable. Brumley Estate v. Iowa Beef Processors. Inc., 704 F.2d 1362, 1363 (5th Cir. 1983).

Moreover, even if the cost of all of the copies described in these invoices were taxable, this cost would amount to only $3,784. As for the remainder of the $47,132 claimed by plaintiffs for the cost of copies, there is simply no way to determine the nature or purpose of the documents copied, whether the copies were obtained for a purpose making them taxable, whether the number of copies of any given document or category of documents was reasonable, and whether the method of copying chosen involved a reasonable cost per page. Thus, there is no basis upon which to conclude that any of these copies were necessarily obtained, and, therefore, no basis upon which to tax the cost of these copies. See 10 Wright, Miller & Kane, Federal Practice and Procedure § 2677 at 361; 6 Moore's Federal Practice § 54.103[3][d] at 54-191.

Costs incident to taking of depositions: Plaintiffs originally claimed nothing in this category. Now they request $10,102.49. As in the case of trial transcripts, the Court possesses discretion under to tax the cost of depositions that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiffs offer no information or documentation indicating whether or to what extent any of the depositions in question was necessarily obtained for use in the case. Plaintiffs have not complied with the instruction contained in RCFC Form 4, which

states, with respect to deposition costs, “if not of record, then attach statement as to need.” None of these depositions was of record, but no statement as to need was provided. Additionally, as in the case of the trial transcript, the deposition transcript invoices submitted by plaintiffs indicate that the claimed costs include not only the cost of an original and one copy, but also the cost of disks, condensed transcripts, and overnight mail or similar special handling. As we have demonstrated, the latter costs are not taxable.

Costs pursuant to FRAP 39(e): Plaintiffs originally claimed $16,983 in this category. Now they request $105.00. We do not dispute the latter amount.

II. The Bill of Costs Is Untimely for Six of the Consolidated Cases

Although both the original and the amended bill of costs state that judgment was entered against the United States on May 5, 2005, it is plain from the record that a series of separate judgments was issued with respect to various separate cases consolidated with the above-captioned case; that some were in favor of the Government; that the judgments against the Government were issue effective December 31, 2004, and were thereafter appealed (except in the lead case, No. 97-381C, where the Court, upon reconsideration pursuant to Rule 59, vacated the original judgment and entered a reduced judgment on June 14, 2005); and that the appeals were dismissed in early May 2005. The only significance of the judgment date stated in the bill of costs is that this was the date upon which many – but not all – of the appeals were dismissed. Although the court of appeals issued mandates dismissing many of the appeals on or shortly after May 5, 2005, the mandates in other cases were issued on May 4, 2005. See mandates in Nos. 97-38119C, 97-38120C, 97-38121C, 97-38122C, 97-38123C, and 97-38125C.

In our objections to plaintiffs’ original bill of costs, we noted that, with respect to the judgments in the latter six cases, the bill of costs was untimely because it was not filed “within 30 days after the date of final judgment,” as required by RCFC 54(d)(1)(A), because they were

filed more than 30 days after the issuance of the mandates dismissing the appeals in those cases. In response, plaintiffs argue that the Court did not make an "express determination that there is no just reason for delay" pursuant to Rule 54(b); that absent such a determination, "where a trial court's order in a consolidated case does not dispose of the entire matter, an 'appeal is not proper until there is a final judgment disposing of all aspects of the consolidated case,'" Plaintiffs' Reply 4, quoting Spraytex, Inc. v. DJS&T, 96 F.3d 1377, 1382 (Fed. Cir. 1996); that the judgments at issue here were not appealable until the last judgment was entered on June 14, 2005; and that, therefore, plaintiffs' time for filing a bill of costs did not begin to run until the latter date.

Although plaintiffs correctly characterize the general rule stated in Spraytex with respect to the appealability of judgments disposing of less than all claims in a consolidated case, they overlook the following distinguishing circumstances, which were neither present nor addressed in Spraytex. First, in this case, the Court severed the claims of the various plaintiffs for improper joinder, and ordered that "[t]he Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each of those cases . . . ." Order of July 16, 2004, at 4. The Court further ordered that "these newly-created cases shall be consolidated for all purposes with Franconia Associates v. United States, 97-381C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court." Id. (Emphasis added). Thereafter, the Court ordered the Clerk to "to enter judgment, effective December 31, 2004, for the plaintiffs in these cases in the amounts set forth in the [order]." Order of December 17, 2004 (emphasis added). On Friday, December 30, 2004, the Clerk entered separate judgments in each of the cases identified in the December 17, 2004 order, in the amounts specified in the order. Each judgment bore the caption and docket number only for the case to which it pertained, and was entered only on the docket

for that case. Each judgment disposed entirely of that case. None of the judgments made any reference to consolidation. Each was entered as if it were not consolidated with any other case. Each included a note stating that the appeal period was 60 days from the date of the judgment. Finally, in accordance with the December 17, 2004 order, each judgment stated: "This judgment shall be effective December 31, 2004."

The manner in which the Court directed entry of judgment indicates that the Court did not intend these cases to be consolidated for the purpose of entry of judgment, and that this purpose fell within the "unless otherwise ordered" exception to the consolidation order. In particular, if the judgments were treated as resolving only portions of a consolidated case and therefore as not final for appeal purposes, then the December 31, 2004 effective date, which the Court expressly required, would be of no consequence at all. Under these circumstances, the judgments in question should be treated as independent judgments that were effective on December 31, 2004, and that became final and unappealable by the date the court of appeals issued mandates dismissing the Government's appeals from those judgments.[4] Upon this basis, plaintiffs' bill of costs is untimely as to Nos. 97-38119C, 97-38120C, 97-38121C, 97-38122C, 97-38123C, and 97-38125C.

CONCLUSION

For the foregoing reasons, the Court should award only the very limited portion of the requested costs that they have demonstrated to be properly taxable, which amount should be further reduced in proportion to the number of plaintiffs in these consolidated cases who are not

[4] The fact that plaintiffs filed their original bill of costs exactly 30 days after the date when most of the mandates of dismissal were issued, and that they identified that date as the judgment date in the bill of costs, indicates that they understood that date – and not June 14, 2005 – to be the date upon which the time for filing a bill of costs began to run.

entitled to recover costs because their claims were dismissed or because their claim for costs is untimely.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

August 18, 2005