**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

FRANCONIA ASSOCIATES,
a Limited Partnership, et al.,

Plaintiffs,

**Case No. 97-381C**
**(and consolidated cases)**

v.

**Judge Francis M. Allegra**

THE UNITED STATES

Defendant.

---

**REPLY IN SUPPORT OF PLAINTIFF'S AMENDED BILL OF COSTS**

---

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: 612-305-4444
Facsimile: 612-305-4439

Dated: September 2, 2005

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | iii |
| I. In Accord With Binding Precedent, Plaintiffs Amended Bill Of Costs Is Timely | 2 |
| II. The Amended Bill Of Costs Includes Properly Supported And Taxed Costs | 3 |
| A. Plaintiffs Have Properly Demonstrated That The Taxed Costs Were Necessary For The Litigation | 3 |
| B. The Costs Claimed By Plaintiffs Are Recoverable | 5 |
| *1. Fees of the Clerk* | 5 |
| *2. Fees of the Reporter* | 5 |
| *3. Witness Fees* | 7 |
| *4. Copying Costs* | 8 |
| *5. Costs Incident to Taking of Depositions* | 10 |
| *6. Costs Pursuant to FRAP 39(e)* | 11 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page**

## Cases

*Black Grievance Comm. v Philadelphia Elec. Co.*, 802 F.2d 648 (3rd Cir. 1986), *vacated, remanded*, 483 U.S. 1015 (1987) ........ 7

*Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362 (5th Cir. 1983) ........ 8

*Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000) ........ 4

*Dubinsky v. United States*, 44 Fed. Cl. 360 (1999) ........ 8

*Gonzalez v. United States*, 44 Fed. Cl. 764 (1999) ........ 4

*Hurtado v. United States*, 410 U.S. 578 (1973) ........ 7

*KMS Fusion v. United States*, 39 Fed. Cl. 593 (1997) ........ 3

*Linneman Constr., Inc. v. Montana-Dakota Utils. Co.*, 504 F.2d 1365 (8th Cir. 1974) ........ 7

*McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983) ........ 4

*Nebraska Pub. Power Dist. v. Austin Power, Inc.*, 773 F.2d 960 (8th Cir. 1985) ........ 7

*Oliveira v. United States*, 827 F.2d 735 (Fed. Cir. 1987) ........ 3

*O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975 (7th Cir. 2000) ........ 4

*PCI/RCI v. United States*, 37 Fed. Cl. 785 (1997) ........ 3

*Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993) ........ 3

*Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed. Cir. 1996) ........ 2

## Statutes, Rules and Regulations

28 U.S.C. § 1821 ........ 6, 7

28 U.S.C. § 1920 ........ 3, 5, 6, 8

28 U.S.C. § 2412 ........ 1, 3, 5

Fed. Cir. Rule 31(b) ........ 9

FED. R. APP. P. 39(e) ........ 9

RCFC 5 ........ 9

RCFC 5.3 ........ 9

RCFC 54 ........ 1, 3, 7

SUP. CT. R. 12 ........ 9

**Treatises**

10 Wright & Miller § 2676 ........ 10

10 Wright & Miller § 2677 ........ 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FRANCONIA ASSOCIATES,
a Limited Partnership, et al.,

Plaintiffs,

**Case No. 97-381C**
**(and consolidated cases)**

v.

**Judge Francis M. Allegra**

THE UNITED STATES

Defendant.

**REPLY IN SUPPORT OF PLAINTIFF'S AMENDED BILL OF COSTS**

Plaintiffs filed a Bill of Costs, together with a Motion for Attorneys' Fees, Expenses and Costs Under the Equal Access to Justice Act, on June 6, 2005. In an Order dated June 13, 2005, the Court denied plaintiffs' Fee Petition, but stated that "[c]osts in this case are awardable, as appropriate, under 28 U.S.C. § 2412(a)(1)." Defendant submitted an objection to the bill of costs on July 7, 2005. Plaintiff then submitted a reply, together with an Amended Bill of Costs, on July 18, 2005. In their Amended Bill of Costs, plaintiffs refined both the categorization of certain costs and the amounts sought under each category, resulting in a modest overall reduction of the amount claimed.

The government filed its objections to the Amended Bill of Costs ("Def. Obj.") on August 19, 2005. While defendant challenges both the timeliness of plaintiffs' submission and the recoverability of certain claimed costs, defendant's challenges are largely based upon either misstatements of the relevant case law or mischaracterizations of the content of plaintiffs' supporting documentation. In the rare instances in which defendant has raised a legitimate question as to the recoverability of certain costs, plaintiffs agree that a modest adjustment may be

appropriate. Thus, based on the plaintiffs' Amended Bill of Costs and supporting materials, and the additional points and authorities discussed herein, plaintiffs are entitled to taxable costs totaling $86,760.41.

## I. In Accord With Binding Precedent, Plaintiffs Amended Bill Of Costs Is Timely.

In a case involving a consolidation of many plaintiffs, the general rule is to treat the entire case as one unit unless the Court expressly states otherwise for a particular matter. RCFC 54(b) ("In the absence of [an express] determination and direction, any order … which adjudicates fewer than all the claims … *shall not terminate the action as to any of the claims or parties* …") (emphasis added); *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996) ("[T]here is no final decision [in a consolidated case] until a judgment is entered adjudicating all of the claims."). Plaintiff does not dispute that the Court Order with regards to many plaintiffs was "effective December 31, 2004." However, *Spraytex* requires consolidated cases to be treated as a whole, which is what the Court expressly stated in its consolidation order. Thus, although portions of a consolidated case may be final, the consolidated case is not over for purposes of starting the statutory clock until *all* aspects of the case are finalized.

Defendant admits that "plaintiffs correctly state the general rule concerning the finality of judgments in consolidated cases." Def. Obj. at 1. Thus, it would appear that defendant should agree that an express statement is required for a judgment that disposes of less than the entire case to be treated individually. However, defendant fails to acknowledge that the Court must act in an unambiguous fashion to exercise the exception to the standard rule in consolidated cases. Defendant instead argues that the form of the judgments issued in this case suffices to satisfy the legal requirements set forth in *Spraytex* for treating a consolidated case in piecemeal fashion. *See* Def. Opp. at 9 (relying upon the "manner in which the Court directed entry of judgment" –

rather than any express statements from the Court – to conclude that the exception to the consolidation order has been met). In fact, defendant admits that "[n]one of the judgments made any reference to consolidation." Def. Opp. at 9. Having failed to identify any "express determination" from the Court that would permit a departure from the general rules regarding consolidated cases, defendant's proposed approach to evaluating the timeliness of plaintiffs' filing must fail. *See* RCFC 54(b).

Absent the express determination required by Rule 54(b), this consolidated case did not become final until a judgment was issued with respect to each plaintiff. That did not occur until June 14, 2005, when a final judgment was issued resolving the claims of the lead plaintiff, Franconia Associates. As a result, the permissible time period for plaintiffs to file a bill of costs will terminate thirty days after the sixty-day appeal window for the Franconia plaintiff expired, which will not arrive until September 12, 2005.

## II. The Amended Bill Of Costs Includes Properly Supported And Taxed Costs.

### A. Plaintiffs Have Properly Demonstrated That The Taxed Costs Were Necessary For The Litigation.

Plaintiffs, as prevailing parties in this consolidated case, are entitled to recover the taxable costs they incurred through the course of the litigation, which has spanned eight years and appeals to the Federal Circuit and United States Supreme Court. *See* 28 U.S.C. § 2412(a); RCFC 54(d)(1); *see also* 28 U.S.C. § 1920 (identifying recoverable costs).[1] Rule 54(d) creates a presumption that the prevailing party will recover costs; however, the precise amount to be recovered in a given case is entrusted to the sound discretion of the trial court. *Soler v. Waite*, 989 F.2d 251, 254-255 (7th Cir. 1993) (citations omitted). "When evaluating a claim for

[1] There is no dispute that the plaintiffs who recovered damages in this matter qualify as prevailing parties under the relevant statute. *See* 28 U.S.C. § 2412(d)(2)(B),(H); RCFC 54(d)(1).

expenses, the 'quantum and method of proof of each allowable expense is discretionary with the trial court.'" *See PCI/RCI v. United States*, 37 Fed. Cl. 785, 791 (1997) (quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed. Cir. 1987)); *KMS Fusion v. United States*, 39 Fed. Cl. 593, 606 (1997).

Plaintiffs have provided more than sufficient information, with their Fee Petition, Bill of Costs, Amended Bill of Costs, and supporting materials, for the Court to exercise its discretion and award costs to plaintiffs. While defendant asserts that plaintiffs' recovery should be reduced based on the fact that the claims of certain plaintiffs have been dismissed, plaintiffs have already established, through an affidavit of counsel, that only those costs that are properly attributable to the prevailing parties in this action have been claimed. Eckland Declaration in Support of Amended Bill of Costs ("Eckland Decl.") ¶ 10. Plaintiffs also established that, for any expenses that could not be allocated to a particular plaintiff, plaintiffs have reduced the billed costs by the percentage of plaintiffs that did not recover any damages. Eckland Decl. ¶ 6. Defendant provides no basis for questioning the accuracy of plaintiffs' efforts in this regard.

Defendant also suggests that any incongruity in the amount identified for each category in the Bill of Costs and the Amended Bill of Costs taints the entire request. Def. Opp. at 3-4. Defendant's implication, that an Amended Bill of Costs must not vary from an earlier-filed Bill of Costs, would practically defeat ever allowing an Amended Bill of Costs. *See, e.g.*, *Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000) (awarding costs based on amended bill of costs filed after objection to original bill of costs); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975 (7th Cir. 2000) (trial court did not abuse discretion in accepting amended bill of costs). The Amended Bill of Costs simply reflects a re-categorization of certain costs that reasonably could

have been requested under either of two categories,[2] and a modest reduction of other costs after further review. Defendant cites no authority that plaintiffs should be penalized for seeking greater accuracy in the identification of their taxable costs.[3]

**B. The Costs Claimed By Plaintiffs Are Recoverable.**

The costs to which plaintiffs are entitled are set forth below according to categories listed in 28 U.S.C. § 1920. *See also* 28 U.S.C. § 2412; RCFC 54(d). Each of the amounts claimed are supported by the Declaration of Jeff H. Eckland the exhibits attached to the Amended Bill of Costs, as well as the detailed information submitted in support of plaintiffs' Fee Petition.

*1. Fees of the Clerk*

A prevailing party may recover the "fees of the clerk and marshal." 28 U.S.C. § 1920(1). In this matter, plaintiffs have incurred $120 in necessary filing fees paid to the Clerk of Court, an amount which is not disputed by defendant.[4]

*2. Fees of the Reporter*

A prevailing party may recover the "fees of the reporter for all or any part of the trial or hearing transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Section 1920(2) is broad enough to allow the taxation of not only the complete trial transcript but any portion of it that meets the statutory standard." 10 Wright & Miller § 2677.

---

[2] For example, obtaining a copy of a transcript could arguably be considered both a "copying cost" and a "fee of the reporter."

[3] It should be noted in this context that, while a party is not *required* to submit a Bill of Costs until after final judgment, the rule does not *prohibit* a prevailing party from doing so earlier. *Gonzalez v. United States*, 44 Fed. Cl. 764, 767 (1999); *McDonald v. Schweiker*, 726 F.2d 311, 314 (7th Cir. 1983).

[4] In the Amended Bill of Costs, plaintiffs omitted fees paid to the clerk of the Federal Circuit and the Supreme Court because the rules do not explicitly permit these costs.

Under the statute, the key question is whether the fees were paid for transcripts necessarily obtained for use in the case. Defendant fails to successfully challenge the evidence establishing that all of the costs claimed in this category were necessary for plaintiffs to pursue their claims. The supporting documentation, for example, shows that plaintiffs paid $24,500 to obtain the full transcript of the trial of this matter. This amount included an electronic copy and a condensed copy of the transcript, which clearly were necessary for plaintiffs to prepare their extensive post-trial briefs in this matter (and which similarly would have been required for any appeal of the Court's decision). *See* Pl. Reply, Ex. B, TAGFB026_000711. While defendant questions the actual number of pages contained in the final trial transcript, it cannot dispute that the amount plaintiffs have claimed is the amount that was actually paid in connection with the trial transcript.

Further, in attempting to avoid the applicable statutory standard and impose a bright-line "original-plus-copy" rule, regardless of how many copies were actually necessary for use in the litigation, defendant relies only on district court cases that are not binding on this Court.[5] Defendant also criticizes a $200 charge as an "additional [amount] for overnight delivery or similar services," (Def. Opp. at 4), but the relevant invoice simply states that the $200 is for "Handling and delivery." Pl. Reply, Ex. B, TAGFBO26_000711. Thus, plaintiffs have demonstrated that all of the costs it incurred in obtaining the trial transcript were reasonably

[5] Further, even accepting defendant's arguments, defendant incorrectly calculates the amount of any resulting discount. The invoice challenged by defendant includes an original transcript, a condensed version, and an electronic copy. Pl. Reply, Ex. B, Bates No. TAGFBO26_000711. According to the invoice, the transcript ($20,250) together with either a condensed transcript *or* an electronic copy ($2,025) would total $22,275. *Id*. Thus, giving full weight to defendant's arguments, plaintiffs' costs for this category would be reduced by only $3,637.50 (based on 2,215 pages of trial transcript) plus $2,025 (based on obtaining an electronic copy of the transcript), for a total reduction of $5,662.50, rather than the $9,038 reduction claimed by defendant. *See* Def. Obj. at 4.

necessary for use in the case. Thus, plaintiffs are entitled to $24,892.65 for fees of the reporter. *See* Eckland Decl. ¶ 4.

*3. Witness Fees*

A prevailing party may recover "fees and disbursements . . . for witnesses" pursuant to 28 U.S.C. § 1920(3) and a statutory witness fee for non-party witnesses of $40 per day of attendance under 28 U.S.C. § 1821. As plaintiffs detailed in their prior brief, they are entitled to the statutory fees for days when the witness is available to testify in a deposition or at trial, as well as days when the witness is necessarily present at trial. *Hurtado v. United States*, 410 U.S. 578, 584-585 (1973); *see also Linneman Constr., Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365 (8th Cir. 1974). Defendant responds to plaintiffs' assessed costs for witness fees by ignoring § 1920(3) outright, and concludes that "the amounts claimed for [witness fees] and for travel appear to far exceed the subsistence and travel allowances prescribed in 28 U.S.C. § 1821(c) and (d)." Def. Obj. at 5.[6] Plaintiffs cite both of the relevant statutes because each permits a portion of the costs assessed as witness fees.

Further, the attendance of plaintiffs' key expert witness, Dr. George Karvel, was necessary through the entire trial, as demonstrated by the fact that he testified four times through the course of the trial, taking the stand on the first, second, seventh and ninth days of trial. In

6 Further, defendant fails to acknowledge the discretion granted to courts to go beyond the scope of 28 U.S.C. § 1821 when expert testimony is key to the successful presentation of a case. A district court has equitable discretion to award expert fees beyond those provided for in 28 U.S.C. § 1821 when expert's testimony is indispensable to determination of case with a specific finding concerning indispensability of experts' testimony to achievement of settlement of case. *Black Grievance Comm. v Philadelphia Elec. Co.*, 802 F2d 648 (3d Cir. 1986), vacated, remanded, 483 U.S. 1015 (1987); *see also Nebraska Public Power Dist. v Austin Power, Inc.*, 773 F2d 960 (8th Cir. 1985) (without regard to 28 U.S.C. § 1821, expert witness fees may be awarded under Rule 54(d) if, after carefully scrutinizing prevailing party's bill of costs, a district court determines that expert's testimony was crucial to issues decided and expenditures were necessary to litigation).

addition, the government's expert witness testified on the eighth day, making Dr. Karvel's presence necessary and appropriate throughout the course of the trial. The importance of Dr. Karvel's presence is further supported by the fact that the Court adopted, in large part, his economic model for calculating the damages resulting from defendant's actions. Thus, Dr. Karvel's presence at trial was clearly necessary for plaintiffs, and not, as the defendant claims, a mere "convenience." Def. Opp. at 5. In this case, the disbursements for witnesses equal $4,829.63 and the statutory *per diem* witnesses fees equal $1,080, for a total recovery of $5,909.63. *See* Eckland Decl. ¶ 5.

*4. Copying Costs*

A prevailing party may recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court must use its discretion and apply the statutory standard to the facts of each case. The appendix to the Court's rules, which defendant relies on in an attempt to reduce plaintiffs' recovery, merely serves as "useful guidance." *Dubinsky v. United States*, 44 Fed. Cl. 360, 363 (1999) (holding that the statutory standards found in 28 U.S.C. § 1920(4), and not the Bill of Costs form appended to the Court's rules, is the authority for awarding costs). In addition, counsel for plaintiffs established that, in general, it was his practice to order no more than five copies unless he "was required by the applicable rules to file more than five copies of a given document (*e.g.*, for the filing of briefs with the Federal Circuit and the Supreme Court)." Eckland Decl. ¶ 6.

Defendant misrepresents the controlling authority for determining whether copies should be taxed as costs. As stated in *Dubinsky*, the statute is the controlling authority, and not a form located in the appendix to the rules of the court. The statute permits copies necessarily obtained for use in the case to be charged as costs. Indeed, when the defendant discusses costs associated

with copying documents, the statutorily-prescribed standard is notably absent. The government's own cited authority supports the Court's ability to use discretion when applying the statute, and undercuts the defendant's over reliance on a sample form. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363-1364 (5th Cir. 1983) (holding that it is not an abuse of discretion to disallow costs of copies obtained solely for the convenience of a party or counsel). In *Brumley*, the Fifth Circuit held that the trial court did not abuse its discretion for disallowing costs obtained *solely* for counsel's convenience, but not hold, as defendant suggests, that copies obtained for such reasons *must* be disallowed. *Id*.

Defendant's objections to the amount incurred by plaintiffs for copying costs also fail to appreciate the fact that this case has encompassed eight years of litigation, including appeals to the Federal Circuit and the Supreme Court and a two-week trial in which plaintiffs presented the claims of twenty-five prevailing parties and introduced over 800 exhibits. In fact, over 645 pages of documents from this case are available on PACER just for the Court of Federal Claims in the first year following the ECF designation.

Further, defendant fails to take into consideration the number of copies required for filing documents with the various courts. For example, the Supreme Court requires 40 copies of a *petition for certiorari*. S. Ct. Rule 12. The Federal Circuit requires 12 copies to filed with the court, and 2 copies to be served on the principal counsel for each party, intervenor, and amicus curiae separately represented. Fed. Cir. Rule 31(b) (which is a reduction from the 25 copies that must be filed with the clerk under the Fed. Rules of App. Proc.). The Court of Federal Claims requires an original plus two copies to be filed with the Court, plus one copy to be filed with the opposing party. RCFC 5, 5.3. Additionally, professional ethics require that attorneys keep clients informed on their cases. Minn. R. Prof. Conduct 5.4. In a case with 31 plaintiffs,

obtaining five additional copies of a brief should be deemed reasonably necessary. Based on these standards, plaintiffs agree that the disputed assessments for copies for Federal Circuit filings will be limited to 12 copies for the court, 2 copies for defendant's counsel, 2 copies for plaintiffs' counsel, and 5 copies for the plaintiffs themselves, for a total of 21 copies. For copies of Court of Federal Claims filings, plaintiffs agree that the disputed assessed costs will be limited to 3 copies for the Court, 1 copy for Defendant's counsel, 1 copy for plaintiffs' counsel, and 5 copies for plaintiffs themselves, for a total of 10 copies.

In light of the defendant's objections, and the discussion above, plaintiffs agree to omit the following amounts for copying costs: $401.61 (TAGFBO26_000012), $130.41 (TAGFBO26_000195), $26.36 (TAGFBO26_000299), $34.05 (TAGFBO26_000305), $563.37 (TAGFBO26_000574), and $67.18 (TAGFBO26_000676). In addition, since the invoice found at TAGFBO26_000237 does not specifically refer to the *Franconia* case, plaintiff will exclude the $277.90 incurred therein. The total of these reductions is $1,500.88. Thus, plaintiffs agree that the previously-claimed amount of $47,131.52 should be reduced by the sum of $1,500.88, for a total of $45,630.04 in costs for copies and duplication of materials.

*5. Costs Incident to Taking of Depositions*

Plaintiffs are also entitled to recover expenses related to the taking of depositions, including the cost of deposition transcripts. 10 Wright & Miller § 2676. The transcripts of the depositions taken in this matter were certainly necessary for plaintiffs to effectively litigate their case. Further, counsel for plaintiffs detailed his review of the relevant invoices. *See* Eckland Decl. ¶¶ 7, 9, 10. Defendant fails to refute either plaintiffs' entitlement to these costs or the accuracy of the documentation supporting them. Thus, the total amount recoverable for costs incident to depositions in this matter is $10,102.49.

6. *Costs Pursuant to FRAP 39(e)*

A prevailing party may recover costs for the preparation and transmission of the record, the reporter's transcript, premiums paid for a supersedeas bond or other bond to preserve rights pending appeal, and the fee for filing the notice of appeal. FRAP 39(e). In this matter, plaintiffs have incurred $105 in costs pursuant to FRAP 39(e), an amount which is not disputed by defendant.

**CONCLUSION**

Plaintiffs' Bill of Costs and Amended Bill of Costs were filed in a timely manner and were supported by voluminous documentation demonstrating the reasonableness of the costs claimed. Defendant's attempts to short-change plaintiffs for the costs they necessarily obtained for use in this matter should, in almost all cases, be squarely rejected. Plaintiffs, however, agree that a reduction in of $1,500.88 in the amount claimed is warranted. Accordingly, plaintiffs request that the Court award plaintiffs costs in the total amount of $86,760.41 pursuant to 28 U.S.C. § 2412(a)(1).

Respectfully Submitted,

Dated: September 2, 2005

**s/Jeff H. Eckland**

**Filed Electronically**

Jeff. H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Telephone: 612-305-4444
Facsimile: 612-305-4439