ORIGINAL

# In the United States Court of Federal Claims

**TAXATION OF COSTS**
**(Rule 54(d))**

FILED
NOV 21 2005
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **FRANCONIA ASSOCIATES., ET AL.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 97-381C (and consolidated cases)** |
| **UNITED STATES of AMERICA,** | ) | **(Judge Allegra)** |
| **Defendant.** | ) | |

Judgment was entered in favor of Plaintiff, Franconia Associates, *et al.*, pursuant to the Order of Judge Allegra, on December 30, 2004. Defendant, United States of America, filed a motion to amend the judgment with respect to the lead plaintiff, Franconia Associates, on January 3, 2005. Defendant filed separate appeals on the remaining twenty-four judgments. The Federal Circuit dismissed each appeal over a period of three days (May 4, 2005 to May 6, 2005). As for the lead case, Judge Allegra vacated the December 30, 2004, judgment and re-entered judgment in favor of Plaintiff on June 14, 2005. Plaintiff filed its Bill of Costs on June 6, 2005. Defendant filed an Objection to the Bill of Costs on July 7, 2005. Plaintiff filed an Amended Bill of Costs on July 18, 2005. Defendant filed an Objection to the Amended Bill of Costs on August 19, 2005, and Plaintiff filed its Reply in Support of Plaintiff's Amended Bill of Costs on September 9, 2005.

Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) provides that the court may tax costs in favor of the prevailing party to the extent that such costs are permitted under 28 U.S.C. §§1821 and 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden of establishing to the court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the judge, or the clerk, as the court's designee, must find that it is a necessary litigation expense and that the amount to be taxed is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993).

The prevailing party has the obligation to provide sufficient information and supporting argument in the Bill of Costs to allow the court to ascertain whether the cost was necessary to the litigation and that the cost was reasonable. Clear documentation of allowable costs requested by

a prevailing party is required. Pan American Grain Manuf. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 35 (D.P.R. 2000).

Defendant opposes the Bill of Costs and raises two arguments against the taxation of costs in this case. First, Defendant argues that the Bill of Costs is untimely for six of the consolidated cases. Second, Defendant argues that the Bill of Costs is not supported by adequate documentation as required by Rule 54(d)(1)(A) and that some of the requested costs are unallowable. The court addresses both of these arguments here:

I. TIMELINESS

Defendant argues that Plaintiff should be denied costs with respect to six of the cases because Plaintiff's bill of costs was untimely. Specifically, Defendant argues that the six cases should be treated as independent judgments because the court did not treat the judgments as a consolidated matter. Defendant cites the Court Order of July 16, 2004, where the court stated "these newly created cases shall be consolidated for all purposes with Franconia Associates v. United States, 97-381C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court." Order of July 16, 2004, at 4. Defendant notes that on December 30, 2004, the Clerk entered separate judgments, with separate amounts and separate captions and docket numbers. In addition, the judgments did not make any reference to consolidation. Consequently, Defendant asserts that the court did not treat the judgments as a consolidated matter.

The court rejects this argument and finds that the Bill of Costs is timely with respect to the six cases in question. The July 16, 2004 order states that the cases should be treated as a consolidated matter, "**unless otherwise ordered by the court.**" (Emphasis added). As Defendant noted in its Objection to Plaintiff's Amended Bill of Costs, "[n]one of the judgments made any reference to consolidation." The court did not order that the cases should be treated as separate judgments. Instead, the court continued to treat the matter as a consolidated case and entered the judgments under separate captions for purposes of judicial economy. As correctly noted by both Plaintiff and Defendant, there is no final judgment in a consolidated case until a judgment is entered adjudicating all of the claims. Spraytex, Inc. V. DJS & T, 96 F.3d 1377, 1379 (Fed. Cir. 1996). Therefore, Plaintiff filed the bill of costs in a timely manner with respect to the six cases in question.

II. ADEQUACY OF DOCUMENTATION AND VALIDITY OF REQUESTED COSTS

Defendant objects to portions of the Bill of Costs asserting the Plaintiff did not provide adequate documentation to support its requests. More specifically, Defendant argues that Plaintiff did not provide detailed information for number of copies, total pages and cost per page for duplication charges. Defendant questions the reliability of the documentation, noting the large disparities between the amounts claimed in the original and Amended Bills of Costs. Furthermore, Defendant argues some of the requested costs are not allowable. The court

recognizes Defendant's concern regarding the lack of specificity in the many lists provided by Plaintiff and addresses Defendant's concerns under each category of costs below.

*Fees for the Clerk*

Plaintiff requests $120.00 for fees paid to the clerk. This fee is provided for in 28 U.S.C. §1920. Defendant does not object to the request. The court will allow $120.00 for fees for the clerk.

*Fees for Certification or Duplication of Papers*

Plaintiff requests costs in the amount of $47,131.52 for duplication of papers. The court may tax costs for duplication of papers necessarily obtained for use in the case, if costs are reasonable. 28 U.S.C. § 1920(4)(2000); Fogelman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991). Documents filed with the court are presumed to be necessarily obtained for use in the case. Friedlander v. Nims, 583 F. Supp. 1087, 1088 (N.D. Ga. 1984); Westinghouse Hanford Company v. United States, No. 97-756 C (Fed. Cl. Filed Feb. 5, 2001) (taxation of costs). This court permits costs to be taxed for up to five copies of each pleading, dispositive brief or other document that is filed with the court.

In its amended Bill of Costs, Plaintiff supplied the court with multiple pages of what appears to be internal copying costs in Exhibit D. Plaintiff argues that the listed copying expenses were necessarily incurred for use in the case. Defendant argues that Plaintiff did not provide detailed information for number of copies, total pages and cost per page in Exhibit D. Defendant further questions the reliability of the documentation, noting the large disparities between the amounts claimed in the original and amended Bills of Costs.

A careful analysis of Exhibit D indicates that it does not meet the burden of proving that the requested costs were both necessary and reasonable. However, the court will not solely rely on Exhibit D in making its determination. On June 6, 2005, Plaintiff submitted its Motion for Attorney Fees which included requests for costs with substantially more documentation. In Exhibit B of the Motion for Attorney Fees, Plaintiff listed copying expenses, with detailed information for number of copies, total pages and cost per page. For these costs, Plaintiff requests $.15 per page, an amount that the court finds reasonable. However, Plaintiff's documentation in Exhibit B does not specify the types of documents being copied, e.g., documents filed with the court, briefs, exhibits, discovery, simply intra-office copying, etc. Plaintiff has placed the onus on the court to interpret this unclear documentation. However, the court has the discretion to analyze the record of the case in conjunction with the documentation provided. It is clear that the copying of documents in this eight-year litigation was substantial: the length of the trial, the years of motions, briefs, exhibits, and other submissions indicate this. But, without more, the court cannot substantiate all of the Plaintiff's request. The court has established that from 09/09/2003 to 07/08/2005 (the 22-month period of electronic filings), Plaintiff filed approximately 1,200 pages with the court. The court divided 1200 by 22 months to

arrive at 56 pages per month, multiplied that figure by 96 months (eight years), and concluded that Plaintiff is entitled to costs for 5,376 document pages times 5 copies at a cost of $ .15 per copy. The amount of $4,032.00 will be taxed for costs of duplication of documents filed with the court. The court finds the documentation inadequate to determine costs of copying papers necessarily obtained but not filed with the court. The lack of specificity in this request has added an excessive amount of time to the work of the court in attempting to exercise its discretionary function in a fair and reasonable manner. Plaintiff should be aware that the court could have determined, in its discretion, to deny the request in its entirety for lack of sufficient documentation.

*Fees for the Reporter for Transcripts of Court Proceedings*

Plaintiff requests $24,892.65 for transcripts of court proceedings and submits documentation in Exhibit B. The court may tax the cost of transcripts of court proceedings where: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable. 28 U.S.C. § 1920(2); U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir. 1988), overruled on other grounds, Amixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir. 1996); Chore-Time Equip, Inc. v. Cumberland Corp., 713 F.2d 774, 781 (Fed. Cir. 1983). Premium delivery charges of transcripts are incurred for the convenience of counsel and are not taxable. Paul N. Howard, Co. v. Puerto Rico Aqueduct and Sewer Auth., 110 F.R.D. 78, 83 (D.P.R. 1986). Likewise, the cost of additional copies of transcripts on computer diskette or in condensed format is incurred for the convenience of counsel and not taxable. Fields v. Gen. Motors., 171 F.R.D. 234, 236 (N.D. Ill. 1997); Nugget Distrib. Coop. of Amer. v. Mr. Nugget, 145 F.R.D. 54, 58 (E.D. Pa. 1992); Amer. Sports Kids Assoc. v. U.S., U.S. Court of Fed. Claims, Case No 93-674, taxation of costs filed February 11, 1998.

Defendant objects to Plaintiff's requests for costs for disks, condensed transcripts and overnight delivery services. Defendant also argues that the trial transcript was 2,215 pages long, not 2,700 as indicated on the invoice provided in Exhibit B.

Plaintiff counters that the disks and condensed transcripts were necessary to prepare their post trail briefs. The record indicates that post trial briefs were scheduled to be submitted between August 1, 2003, and September 5, 2003. The trial in this case ended June 27, 2003. The court does not find Plaintiff's assertion compelling and finds theses costs were obtained for the mere convenience of counsel. These costs will be disallowed. Defendant's argument against the $24,500 invoice for the trial transcript is answered by Plaintiff in its Reply in Support of Plaintiff's Amended Bill of Costs:

"While defendant questions the actual number of pages contained in the final trial transcript, it cannot dispute that the amount plaintiffs have claimed is the amount that was actually paid in connection with the trail transcript."

The court questioned the date and the words "Estimated Pages" on Invoice number

17284. The court learned that Invoice # 17284, dated 5/28/2003, 6 days **before** the trial began, submitted by Plaintiff for $24,500, was an estimated invoice and the figures contained therein were estimates for next day transcripts. In addition, Plaintiff's charges for those trial transcripts were actually invoiced on Heritage Invoice #17485, dated 6/27/2003. Those charges are listed by date and the $7.50 charge per page rate is the cost of next day paper transcripts. Also billed on that invoice were transcripts on disk, condensed transcripts and handling and delivery charges. There is no indication in all of the documents submitted in the Bill of Costs and the Amended Bill of Costs and Reply that suggests next day transcripts were being billed, let alone the necessity for such transcripts. Finally, Defendant disputes the correct length of the trial transcript and the court finds that Defendant is correct in its assertion that the trial transcripts totaled 2,215 pages not the 2,700 claimed by Plaintiff.

Plaintiff is not entitled to charges it did not incur, nor to charges for next day delivery, condensed or disk transcripts without an explanation as to their necessity and reasonableness. Submissions should be actual, accurate and credible in order to arrive at an allowable taxation that reflects the true costs to the prevailing party. This submission and the accompany invoice fall short. Therefore, the court will disallow the requested charges of $24,500.00 for the reporter for transcripts of court proceedings on Invoice #17284. The court expended a great deal of effort to ascertain the truth about the transcript issue and has decided in its discretion to utilize the actual invoice. However, the court will not allow charges for next day delivery of the transcript. The Heritage rate for a standard 30 day transcript is $1.95 per page. The court will allow $1.95 times 2,515 pages and will tax $4,898.40 for the transcript pages listed on Invoice # 17485. In addition the court will allow $158.45 for the hearing held on June 12, 2003. The court will tax $5,056.85 for fees of the court reporter.

*Fees Incident to the Taking of Depositions*

Plaintiff requests $10,102.49 for costs incident to the taking of depositions. The court has the discretion to tax as costs under 28 U.S.C. § 1920(2) the expenses for copies of depositions that were necessarily obtained for use in the case. Nissho-Iwai Co. v. Occidental Crude Sales, 729 F.2d 1530 (9th Cir. 1984). Depositions of record are considered to be reasonably necessary to the case. RCFC Form 4. Deposition transcripts may be considered reasonably necessary to the case even if not used at trial as long as they appeared reasonably necessary at the time they were taken. Mandrila Milling Corp. v. Ogolvie Mills, Inc., 76 F.3d 1178, 1184. Premium delivery charges of deposition transcripts, however, are not taxable. Embotelladora Agral Regimontana v. Sharp Capital, Inc., 952 F. Supp. 416, 418 (N.D. Tex. 1997). Likewise, the cost of additional copies on computer diskette or in condensed format are not taxable. Fields, 171 F.R.D. at 236; Nugget Distrib. Coop. of Amer., 145 F.R.D. at 58.

In its Amended Bill of Costs, Plaintiff submitted Exhibit E as documentation in support of deposition fees. Defendant argues that Plaintiff did not comply with RCFC 4, which requires Plaintiff to demonstrate the need of a deposition where the deposition was not used at trial. Defendant also argues that Plaintiff's claims for costs of disks, condensed transcripts and

overnight mail services should be disallowed.

Much like the duplication of papers request, at first glance it appears that Plaintiff failed to provide adequate documentation and support. However, turning to Plaintiff's Motion for Attorney Fees filed with the court on June 6, 2005, Affidavits B through J help explain the need for depositions not used at trial. There, Plaintiff notes that the deposed individuals owned the properties involved in the litigation. The court finds Plaintiff met its burden and demonstrated the necessity of the depositions where the depositions were not used at trial. However, the court will disallow Plaintiff's claims for premium delivery charges, disks, and condensed transcripts. Embotelladora Agral Regimontana v. Sharp Capital, Inc., 952 F. Supp. 416, 418 (N.D. Tex. 1997). Subtracting these fees from Plaintiff's original claim, the court will allow $9,512.02 for costs incident to the taking of depositions.

*Costs for Witnesses*

Pursuant to 28 U.S.C. § 1821(a)(1) and 28 U.S.C. § 1821(c)(4), all "normal travel expenses" are taxable as costs under 28 U.S.C. § 1920(3) if the witness is attending a court proceeding or having his or her deposition taken. West Wind Africa Line, 834 F.2d at 1237; Oetiker v. Jurid Werke, GmbH, 104 F.R.D. 389, 391 (D.D.C. 1982). The court has the discretion to tax these costs so long as the amount awarded does not exceed the amount allowed by the applicable statute. 28 U.S.C. § 1821; 10 Wright, Miller & Kane, Federal Practice and Procedure § 2678 at 468. Similarly, pursuant to 28 U.S.C. § 1821(a)(1) and (b) a witness is entitled to a daily attendance fee of $40.00 for "each day's attendance" at the court or before a person authorized to take a deposition under the rules of the court. The *per diem* fee, like travel expenses, is paid for the number of days of necessary attendance, "including time going to and coming from the place of the trial or hearing." Green Constr. Co., 153 F.R.D. at 679.

Plaintiff requests $5,909.63 in witness fees, $1,080.00 for statutory attendance fees and $4,829.63 for witnesses' out of pocket expenses. Defendant objects to this figure, arguing that the requested costs are excessive.

Under 28 U.S.C. § 1821(a)(1) and (b), the court will allow recovery for:

- **$1,080.00** in statutory attendance fees for 3 witnesses for a total of 27 days of attendance as documented in Exhibit C;

- **$1,292.00** in airfare expenses plus **$376.09** for mileage expenses. Plaintiff asks for $.34 per mile, a figure within the acceptable range for mileage rates in 2003.

- GSA *per diem* rate for hotel and food costs for Des Moines, IA in 2003 was $102.00. Accordingly, the court will allow:

Witness Karvel: 13 days x $102.00 = $1326.00

| | | | |
|---|---|---|---|
| Witness Gorowsky: | 9 days x | $102.00 = | 918.00 |
| Witness Greenwalt: | 5 days x | $102.00 = | 502.00 |
| Total per diem: | | | **$ 2,754.00** |

Adding the allowable hotel & food (per diem), travel expenses, and the statutory fees, the court grants $5,502.00 for costs for witnesses.

*Costs for FRAP 39(e)*

Plaintiff requests $105.00 for filing the notice of appeal. Plaintiff submitted Exhibit F in support of this claim. Defendant does not object to this cost. The court awards Plaintiff $105.00 pursuant to FRAP 39(e).

*Conclusion*

The following costs are taxed in favor of Plaintiff Franconia Associates and against Defendant United States, pursuant to the decision of Judge Allegra on June 14, 2005:

| | | |
|---|---|---|
| Fees for the Clerk: | $ | 120.00 |
| Fees for Certification or Duplication of Papers | | 4,032.00 |
| Fees for the Reporter for Transcripts of Court Proceedings: | | 5,056.85 |
| Fees Incident to the Taking of Depositions: | | 9,512.02 |
| Costs for Witnesses: | | 5,502.09 |
| Costs for FRAP 39(e): | | 105.00 |
| Total Taxed Costs: | $ | 24,327.96 |

Date: 21 NOV 05

Brian Bishop
Brian Bishop
Clerk, U.S. Court of Federal Claims

**NOTE: If taxed in favor of defendant, payment thereof should be by check payable to "U.S. Treasury" and forwarded to defendant's attorney of record with notice thereof to the Clerk. If in favor of plaintiff, then payment will be via Title 28 U.S.C. § 2517 certification as provided for in Title 28 U.S.C. § 2412(c)(1) and forwarded to plaintiff's attorney of record.**